# Russell, *et al.*, *v.* Holman.

## *Ejectment.*

(Decided June 18, 1908. 47 South. 205.)

1. *Deed; Execution; Witnesses.*—Although a deed was executed by a grantor who could not write and was not attested by witnesses, yet where it appeared that the acknowledgments of each were separately taken by a justice of the peace in accordance with the form prescribed by the Code, such deed was admissible in evidence as against the objection that it was not properly attested.

[Russell, et al. v. Holman.]

2. *Acknowledgment; Married Woman.*—Where one form of acknowledgment was employed as to both grantors, separately first as to the husband and then as to the wife, and the form employed as to the wife showed that she was examined separate and apart from her husband, the fact that but one form of acknowledgment was used did not render the conveyance defective.

3. *Same; Certificate; Evidence to Impeach.*—Parol evidence is admissible to prove the falsity of a certificate of acknowledgment to a conveyance by showing want of jurisdiction in the officer taking the acknowledgment.

4. *Same; Admissibility.*—The certificate being proper evidence of the facts recited therein, a deed so acknowledged is properly admitted in evidence, although the person executing the deed denied that he or his wife appeared before the officer and signed the conveyance as certified to by him.

5. *Husband and Wife; Conveyance; Signature of Wife.*—Section 982 of the Code 1896, is applicable only to the grantor, and not to the wife of the grantor; section 2034, Code 1896, governs as to the conveyance of the homestead by the wife; and hence, section 984, has no application.

6. *Ejectment; Evidence.*—It is competent for a plaintiff in ejectment to show that his grantor while holding a deed to the land rented it out to others, thus exercising acts of ownership over it to the exclusion of others.

7. *Same.*—A witness having stated that a certain person cultivated the land during a certain year and paid rent for that year, it is competent to show by him whether such person while cultivating such land, told witness from whom he rented.

8. *Appeal and Error; Waiver of Objection.*—No proper objections having been made thereto the defendant cannot complaint of corrected testimony given by plaintiff's witnesses.

9. *Evidence; Official Certificate.*—Under section 1816, Code 1896, the official certificate of the register of a land office showing that final proof had been made upon the land and that the person making it was entitled to a patent, was admissible in evidence.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action in ejectment by Albert Holman against Amos Russell and another. There was judgment for plaintiff and defendant appeals. Affirmed.

J. F. SANDERS, for appellant. The acknowledgement taken jointly relates only to the signature of the grantor Russell and not to his wife.—Secs. 982-984 and 2034, Code 1896. The court erred in permitting evidence as

C 28

to whether or not J. C. Holman rented the lands embraced in the homestead entry to any one at any time.— *Humes v. Washington,* 74 Ala. 64; *Daffron v. Crump,* 69 Ala. 77; *Doe v. Clayton,* 73 Ala. 35; *Payne v. Crawford,* 102 Ala. 387. Lack of jurisdiction in the officer taking the acknowledgement may be shown by parol.— 39 South. 215; 105 Ala. 347; 102 Ala. 241; 99 Ala. 281; Id. 319; 62 Ala. 485.

RILEY & WILKERSON, for appellee. Counsel discuss assignments of error, but without citation of authority.

HARALSON, J.—The deed of Amos Russell and wife to J. C. Holman, was signed by them by their marks, and was not attested by two witnesses, under section 998 of the Code of 1896; but a justice of the peace took the separate acknowledgement of each of the grantors, as prescribed by sections 996 and 997 of the Code of 1896.

Section 984 of the Code of 1896 provides that "the acknowledgement, hereinafter provided for, operates as a compliance with the requisitions of the second preceding section" (Code 1896, § 982) in respect to the execution of a conveyance by parties unable to write, and who sign by mark.

The acknowledgements of the grantors appear to have been in exact compliance with those two sections (982 and 984), and there was no error, as for the objections raised, to the introduction of said deed.

Nor, for the same reasons, was there error in allowing the introduction of the deed by plaintiff, in proof of his chain of title (as was the introduction of the said deed from Amos Russell and wife to J. C. Holman), from Sam Russell and wife, Cynthia, to J. C. Holman.

The deed from Amos Russell and wife, Luny, to Sam Russell, was also properly allowed in evidence. The certificate of acknowledgement of the justice of the peace was, as to each of said grantors, separate, but one form of acknowledgement was employed, as to both grantors, separately, first to Amos, and then as to Luny, the wife. The acknowledgement as to the latter shows that she was examined separate and apart from her husband as provided by section 2034 of the Code of 1896, to make it good as to alienation of a homestead by a married woman. So that, the acknowledgement was good whether the land constituted the husband's homestead or not. It was as effectual for any purpose, as if two separate forms of acknowledgement had been employed. Having complied with the statute, and the wife having been examined separate and apart from the husband, as certified by the justice, having used one form, instead of two, the effect was the same. The officer can certify both acknowledgements in one and the same certificate, provided the certificate contains all the essential parts of both certificates required by law.—*Hood v. Powell,* 73 Ala. 171, 173; *Loyd v. Oates,* 143 Ala. 231, 38 South. 1022, 111 Am. St. Rep. 39.

Section 2034 of the Code of 1896 is the only provision with regard to how the wife shall sign the conveyance of the homestead; and that section makes no reference to how the signature shall be made and does not require any attestation, but makes the certificate of the officer the evidence of the signature's having been made.

Section 982 applies only to the grantor, and not to the wife, and consequently section 984 has no bearing on this case.

Plaintiff asked the witness, Holman, "did J. C. Holman rent the lands embraced in the homestead entry to any one, at any time?" This was a proper question, call-

ing for evidence of the exercise of ownership over the land by J. C. Holman, to whom Amos Russell, who entered the land, had deeded it in 1895. Plaintiff acquired title through Holman and, as contended by counsel, it was permissible for him to prove that J. C. Holman had rented the land out, while he held a deed to it, thus exercising acts of ownership over it, to the exclusion of defendants.

Parol evidence is admissible, as we have held, to prove the falsity of a certificate of acknowledgement of a conveyance of land, by showing want of juisdiction of the officer taking the acknowledgement—which was attempted and allowed in this case.

The certificate of the justice, J. W. Garrett, shown to be dead, to the deed of Amos and Luny Russell, to Sam Russell, if true, shows that he had jurisdiction of the parties, grantors, who appeared before him, and also of the instrument to be acknowledged, which was also before him. But the defendant, Amos Russell, was allowed to testify without objection, that neither he nor his wife, Luny, had ever appeared before said justice, and had never signed the deed. On this state of the evidence, the court committed no error in refusing to exclude said deed from the consideration of the jury. The certificate was entitled to be considered by the jury, as evidence of the facts recited therein.

The court charged the jury: "That they might consider the certificate of J. W. Garrett, justice of the peace, showing the acknowledgements of Amos Russell and his wife, Luny Russell, along with all of the testimony in the case, and as a part of the testimony, in detemining the truth of the question of whether Amos Russell and wife, Luny Russell, had executed the deed introduced in evidence, which purported to have been

[Russell, et al. v. Holman.]

made by them to Sam Russell." In this there was no error, nor was there error in refusing to exclude said deed.

During the trial, witness Law, testifying in plaintiff's behalf, stated that Amos Russell, Jr., cultivated the lands during 1901 and paid rent for that year. It was therefore competetnt for plaintiff to ask this witness the following question: "While Amos was cultivating the lands on the east side of the road, did he tell you from whom he was renting?"

The subsequent correction by Law of this testimony, showing that it was Amos Russell's brother who made the statement to him, and not Amos—not being followed up by a proper objection—cannot avail to put the court in error.

The certificate of the register of the land office was not improperly admitted in evidence. As contended by counsel for plaintiff, it was introduced for the purpose of showing that Amos Russell had made final proof and was entitled to his patent, as a part of the chain of title, and the fact to be thereby proved was the final proof of entry; which certificate, under section 1816 of the Code of 1896 was admissible.—*Case v. Edgeworth*, 87 Ala. 204, 5 South. 783.

We have thus examined the assignments of error, on which any reason for the reversal of the judgment below could be predicated, and finding no reversible error, the judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.