# Touart *v.* Rickert.

## *Ejectment.*

(Decided Nov. 10, 1909.—50 South. 896.)

1. *Deed; Acknowledgment; Validity; Jury Question.*—Where the attesting witnesses to a deed and the notary public who took the acknowledgment are dead, and the recitals in the acknowledgment are contradicted by evidence that at the time of its taking the grantor was in a state of coma, the validity of the deed is a question to be submitted to the jury.

2. *Wills; Passing Title; Time.*—The interest devised by a will takes effect immediately upon the death of the testator, although the will is not probated for several years afterward.

3. *Life Estates; Purchaser from Life Tenant; Title Acquired.*— Where the purchase took place before the expiration of five years possession by the life tenant, a purchaser from the life tenant in possession under a will is not protected by section 3385, Code 1907, against the remaindermen.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Anna Rickert against Kate Touart. Judgment for plaintiff and defendant appeals. Reversed and remanded.

L. H. & E. W. FAITH, and TISDALE J. TOUART, for appellant.—The question of insanity is one of fact and should be left to the determination of the jury.— *Dougherty v. Powe,* 127 Ala. 580. The deed should have been left for determination as to its validity to the jury.—*O'Donnell v. Rodiger,* 76 Ala. 222; *Boswell v. The State,* 63 Ala. 307; *Pike v. Pike,* 104 Ala. 642. A will after the death of a testator falls within the provision of section 1005, and should be recorded.—*Dudley v. Abner,* 52 Ala. 572; *Abeey v. DeLoach,* 84 Ala. 393; *Griffin v. Hall,* 115 Ala. 647; *Brooks v. Cook,* 141 Ala. 499. The presumption is that a person dies intestate.

[Touart v. Rickert.]

*Seaton v. Singleton,* 9 S. W. 877.   All the authorities
agree that the word, "conveyance" embraces wills.—
*Sheridan v. Schimpf,* 120 Ala. 475.   If section 1005,
Code 1896, does not govern, then section 1008 does.—
*Ohio L. I. Co. v. Ledyard,* 8 Ala. 866.   It is not neces-
sary that the life tenant in his own person hold the
possession for five years before creating the debt or
making the conveyance, but such possession may be by
the tenant or by someone under him or in continuation
of his asserted title as owner in fee.—*Riggs v. Fuller,*
54 Ala. 141; *Carter v. Chevalier,* 108 Ala. 563; *Robin-
son v. Allen,* 124 Ala. 325.   That which is implied in a
statute is as much a part of it as what is expressed.—
*Lancaster v. Jordan,* 78 Ala. 197; *Cocciola v. Wood-
Dickerson Co.,* 136 Ala. 532.   In any event, the pur-
chaser is entitled to protection as an innocent purchas-
er.—*Sullivan v. McCormack,* 10 Wheat. 192; *White v.
Kellar,* 15 U. S. C. C. 688.   As a general rule, the doc-
trine of relation back will not be applied so as to do
wrong to strangers.—*Jackson v. Bard,* 4 Johns. 230;
*Herndon v. White,* 52 Ala. 597; *Richardson v. Wood-
stock Co.,* 90 Ala. 266.

GREGORY L. & H. T. SMITH, for appellee.—The only
title claimed by Margaret and William Wall was the
life estate under the will of Mary Rodrigues, and both
the life estate in Margaret Wall and the estate in the
remainder in the plaintiff vested under the will
at the death of the testator, although the will
was not probated for nearly seven years afterwards.
*Goodman v. Winter,* 64 Ala. 410.   The act of Hender-
son in making the deeds in the name of Mary Rodri-
gues at the time that she lay in a coma, and the certifi-
cate by Henderson that she had acknowledged them,
could not operate to divest title out of her or vest it in

the grantees named in such instrument.—*Foster v. Johnson,* 70 Ala. 249; *Davis v. Snider,* 70 Ala. 315; *Shelby v. Riddle,* 135 Ala. 516; *Gryder v. A. F. L. M. Co.,* 99 Ala. 291. The right of an heir at law and next of kin to the estate of a deceased person is purely statutory, and exists only when as a matter of fact the decedent dies intestate.—Sec. 3474, Code 1907. Margaret Wall had a life estate in the property, and her conveyance to defendant's intestate was sufficient to vest in him such life estate, but the remainder was vested in the plaintiff from the date of the death of Mary Rodrigues, and no vendee from a vendor without a legal estate can acquire anything as a bona fide purchaser for value.—23 A. & E. Ency. of Law, 482; *Sheridan v. Schimpf,* 120 Ala. 479.

DOWDELL, C. J.—This is a statutory action of ejectment to recover possession of certain real estate described in the complaint and situate in the city of Mobile. Both parties claim to derive title from the same source—from one Mary Rodrigues. The appellee, plaintiff in the court below, claims title as devisee under the will of said Mary Rodrigues, made in 1879, and admitted to probate in April, 1907, seven years after the death of said Mary, which occurred on August 25, 1900. The appellant, defendant below, claims title under two conveyances purporting to have been made by said Mary Rodrigues, both bearing date, August 23, 1900, and recorded in the office of the probate judge of Mobile county on August 24, 1900, one being made to W. J. Wall for one piece of land, and the other to Margaret Wall for the remaining land sued for, a deed of conveyance by said Margaret Wall and W. J. Wall to Louis Touart, bearing date in March, 1903, and the will of said Louis Touart, duly probated, devising the

land to appellant. Margaret Wall was the sister and only heir at law of said Mary Rodrigues, and W. J. Wall was the only living descendant of the said Margaret, who died in March or April, 1906. The mother of the appellee, Anna Rickert, was a cousin of the said Mary Rodrigues.

There is no dispute that the land in question belonged to Mary Rodrigues on August 23d, the date of the several mentioned deeds. The validity of the two deeds of August 23, introduced in evidence, was a controverted question. These two deeds, as shown upon their face, were executed by the grantor's making her mark, and were attested by two witnesses, J. M. Henderson and J. G. Thomas, who subscribed their names as such. An acknowledgment of the grantor (in statutory form) before J. M. Henderson as a notary public, with notarial seal affixed, was also attached, of date of the execution of the deeds. The deeds were self-proving under the statute, and hence were introduced in evidence without further proof of their execution. Both of the attesting witnesses, Henderson and Thomas, the former being also the notary public who took the acknowledgment, were dead at the time of the trial. The validity of the deeds was attacked upon the ground of fraud. The only two witnesses who testified as to the execution of the deeds were the appellee and her husband. They both testified that at the time of the signing of the deeds Mary Rodrigues, the grantor, was lying upon her bed in a state of coma, unconscious and recognizing no one; that J. M. Henderson, the notary public, went to her bedside, and after having read over the deed to her, placed the pen in her hand, and, taking her hand in his, made her mark to the deed and then gently laid her hand down. They testified as to who were present in the room at the time, and that among those present

was Dr. J. G. Thomas, the family physician, the same whose name is signed to the deeds as one of the attesting witnesses. This testimony was undisputed by any other witness testifying in the case.

On the theory that the testimony of these two witnesses was undisputed by the testimony of any other witness, the trial court, upon request in writing, gave the general affirmative charge in favor of the appellee, the plaintiff, which in effect instructed the jury that the deeds introduced in evidence were invalid, and consequently passed no title, and that for the reason that at the time of their execution the grantor was in a state of coma and not conscious of what was being done. If as a matter of fact the alleged grantor was at the time unconscious, being in a state of coma, then as a matter of law there was no execution by her. But whether or not she was in such state or condition was a question for the determination of the jury, not solely upon the testimony of the appellee and her husband, but upon the whole evidence.

Under the rule laid down in the recent case of *Russell v. Hollman,* 156 Ala. 432, 47 South. 205, the certificate of the notary public, attached to the deeds, "was entitled to be considered by the jury as evidence of the facts recited therein." The facts recited in the certificate were unquestionably contradictory of the testimony of the appellee and her husband as to the unconscious state or condition of the grantor in the deeds; and if that case is to be followed there is no escape from the conclusion that the trial court in the present case committed error in instructing the jury affirmatively in favor of the plaintiff. Moreover, the testimony of the appellee and her husband involved the charge of fraud against the grantee, Margaret Wall, and J. M. Henderson, the certifying officer. In repell-

ing the charge of fraud, it was competent for the jury to consider all the circumstances attending the execution of the deeds, who were present, what was said and done, the publicity of the act, etc.; and in such case, where the whole evidence affords inferences pro and con as to the main fact, it becomes a question for the jury, and the general charge should not be given for either party.

In this case the will under which the appellee claimed title was not probated until seven years after the death of Mary Rodrigues, the testatrix. Nevertheless the interest devised by the will to the appellee took effect immediately upon the death of the testatrix. This principle is clearly settled by the case of *Goodman v. Winter*, 64 Ala. 410, 38 Am. Rep. 13. Section 1008 of the Code of 1896, which is the same as section 3385 of our present Code, affords no protection to a purchaser from the life tenant in possession under a will, as against the remainderman, before the expiration of five years of possession by such tenant. Whether a purchaser, as contradistinguished from a creditor, comes within the meaning and protection of the statute, it is not necessary to decide in this case. Here the life tenant had been in possession only three years at the time defendant's testator, Louis Touart, deceased, under whose will she claims as devisee, purchased from the life tenant. The statute certainly could not apply to him, and he took no greater interest by his purchase than the life tenant possessed.—*Sheridan v. Schimpf*, 120 Ala. 475, 24 South. 940. Nor is the statute a statute of limitations, where the doctrine of a tacking of possessions to complete a bar would apply.

There is no merit in the contention of an estoppel growing out of the conduct of the plaintiff in accepting a deed from Margaret Wall to a distinct piece of

land, because of the fact that the land was conveyed to Margaret Wall by a separate deed from Mary Rodrigues at the time the deeds assailed were made.

For the error in giving the affirmative charge at the request of plaintiff, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.