[Carlisle v. Atchley.]

# Carlisle *v.* Atchley.

## *Assumpsit.*

(Decided Feb. 10, 1910. 51 South. 798.)

1. *Evidence; Expert and Opinion; Mental Capacity.*—One not shown to have such a long acquaintance with a person as to enable him to form a .correct judgment in the premises, and who does not state the facts upon which his opinion is based, is not qualified to give an opinion as to such person's mental capacity or incapacity, and the fact that the person was near dissolution could make no difference.

2. *Gifts; Mental Capacity of Donor; Jury Question.*—Where the issue was the mental capacity of a donor of the note who made the donation when near dissolution, and the testimony was that in the best judgment of the witness, the donor was not fully conscious when she signed the paper making the donation, it became a question for the jury as to whether the act of donation was the result of a conscious resolve.

3. *Same; Evidence.*—Where the issue was the mental capacity of the donor of the note, and the contention was that she was afflicted with an incurable permanent incapacity, the testimony of a physician as to her condition three or four years before the assignment is admissible.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by Thomas Atchley against R. T. Carlisle. Judgment for plaintiff and defendant appeals. Reversed and remanded.

RIDDLE, ELLIS & KELLY, for appellant.—On cross-examination, any fact may be elicited which tends to show bias or partiality in favor of the party in whose behalf the witness is testifying.—*L. & N. R. R. Co. v. Tegnor*, 126 Ala. 593; *Drum v. Harrison,* 83 Ala. 384. It does not require an expert, and a witness does not have to be shown to be an expert, to tell the condition of a woman 83 years old, when she is in a dying condition, and any witness though not an expert, would be

competent to prove the condition of the person, and that she did not know what she was doing.—17 Cyc. 25. A general practicioner of medicine is competent to give an opinion as to sanity.—*McAlister v. State,* 17 Ala. 434; *Mobile Life Insurance Co. v. Walker,* 58 Ala. 290.

FELIX L. SMITH, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—Action by the transferee on a promissory note; judgment for the plaintiff following the general affirmative charge given at his instance. The only questions presented for review are several rulings on the admission of evidence and the giving of the charge indicated.

The note sued on came to plaintiff by assignment of G. M. Dobson, and Dobson's right to it came from the payee. This latter was effected, it was contended, by a written instrument whereby the payee of this note assigned it, with other property, to Dobson. As the parties took the pleas (we are not invited to pass upon their sufficiency), the chief issue was whether Mrs. Carlisle (payee) had, at the time, requisite mental capacity to effect a valid gift, in the manner indicated, of her property, including this note, to Dobson. On this issue the defendant undertook to elicit the opinion of the witness Fulmer as to her mental incapacity at the time she signed the paper before described.

The court properly refused to admit such evidence. Fulmer was not shown to have been qualified to give an opinion on the matter. Before a nonexpert, such as Fulmer was, can give an opinion of one's mental incapacity, it is essential that he be shown to have had such a long and intimate acquaintance with the person whose mental state is the subject of inquiry as to en-

able the witness to form a correct judgment in the premises, and, more, he must state the facts and circumstances on which his opinion is based. Otherwise, such a witness is incompetent to give his opinion that another lacks mental capacity.—*Burney v. Torrey,* 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33. We know of no reason why this rule should have modification when the subject of the inquiry is near to final dissolution. Some retain their faculties even until the moment the end comes, and others do not. The frailty of the body does not, of course, necessarily show a like weakness of the mind. They may concur, but not necessarily. The proof of the former does not, alone, tend to show the latter.

Fulmer, who was present on the occasion, did testify, without objection, that Mrs. Carlisle was, in his best judgment, "not fully conscious when she signed the paper." To what extent she was conscious or unconscious does not appear. If she was so unconscious as not to know what she was doing, obviously her attempted assignment failed.—*Touart v. Rickert,* 163 Ala. 362, 50 South. 896. With this evidence admitted, it was for the jury to decide whether her act was the result of a conscious resolve. The court erred in taking this question from the jury.

In view of the statement of counsel for defendant that he expected to show an incurable, permanent incapacity, the defendant should have been permitted to examine Dr. McDirmid upon the mental state of Mrs. Carlisle in 1904.

The errors indicated require the reversal of the judgment. The cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.