Tero Petroff & Company, Appellee, v. Equity Fire Insurance Company, Appellant.

**INSURANCE:** Change of Title—Waiver. Right to rely on an
1, 5 avoidance of a policy because of a change of title to the property insured is waived by causing the insured to spend time and incur expense in. the preparation of proofs of loss, at a time′ when the insurer had full knowledge of such change of title.

**INSURANCE:** Fraudulent Statements as to Insurance. False state-
2 ments as to the amount of insurance upon the property at the time of loss, will forfeit the policy only in case such statements are fraudulent—made with some design to conceal the truth.

**APPEAL AND ERROR:** Harmless Error—Improper Evidence Bear-
3 ing on Fully Established Fact. Improper reception of evidence on an issue of fact abundantly shown by other competent evidence is harmless.

**INSURANCE:** Furnishing Blanks and Making Proofs. A provision
4 to the effect that the act of the company in "furnishing" blanks for proofs of loss, or in the "making up" of proofs by an agent, shall not work a waiver of any right of the company, does not apply to a case where the company discovers grounds for a clear forfeiture, and *thereafter acts as though the policy was valid.*

**INSURANCE:** Change of Title—Waiver.
1, 5

*Appeal from Webster District Court.*—E. M. McCall, Judge.

## May 20, 1918.

Action at law upon an insurance policy to recover for loss and damage by fire. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Kenyon, Kelleher & Price* and *R. F. Mitchell,* for appellant.

*Burnquist & Joyce,* for appellee.

WEAVER, J.—On September 14, 1915, the defendant company issued a policy of insurance to the firm of Tero Petroff & Company, indemnifying said firm in the sum of $2,000 against loss or damage by fire on a stock of general merchandise in the town of Lehigh, in Webster County, Iowa, for the term of one year. At the date of this policy, the firm of Petroff & Company consisted of two parties, Tero Petroff and Mike Joe. Thereafter, in March, 1916, and while the policy was still in force, Mike Joe sold his interest in the partnership to one Chris Peters, who became an equal partner in the firm, which continued to carry on the business under the same name, Tero Petroff & Company, until the loss of the property by fire, which occurred in May, 1916. The policy provided, among other things, that the insured had the right to obtain other additional insurance on the property, in companies authorized to do business in the state of Iowa; and it is admitted that, before the fire occurred, the plaintiff, through the same agent who procured the policy in suit, had taken out additional insurance in another company, to the amount of $500. That the property insured was lost by fire during the year covered by the policy sued upon is not denied, but defendant denies liability therefor on the following grounds:

1. INSURANCE: change of title: waiver.

(1) That, by the terms of said policy, it was to become void if, during the term therein named, any change or diminution, other than by the death of the insured, should take place in the interest, title, or possession of the insured property, or if any other person than the insured should thereafter acquire any interest in or lien upon said property or any part thereof; and defendant alleges that this provision was violated by the sale of Mike Joe's interest in the partnership and property, as hereinbefore mentioned, to Chris Peters, and that, by reason thereof, the

contract of insurance ceased to be of any further force or validity.

(2)   For a second defense, defendant pleads that the policy, by its terms, provides as follows:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

And defendant alleges that, after the loss of the property by fire, Petroff and Peters, the parties then constituting the firm, did make oath and swear before a notary public that "the total insurance on said (insured) property or any part thereof at the time of the fire, including the above mentioned policy, was $2,000, more or less," when in truth plaintiff had procured and then held another policy of $500, making the total insurance on the property $2,500. It is further averred that the statement so sworn to, as aforesaid, was falsely and fraudulently made, and that, by reason thereof, the contract of insurance became null and void, and defendant was relieved from all liability thereon.

By way of reply to these defenses, and also by amendment to the petition, the plaintiffs admit the sale of a half interest in the partnership and property to Peters, but aver that defendant has estopped itself and waived the right, if any it had, to claim a forfeiture of the policy on account of such sale, by its own conduct, to which more particular reference will hereinafter be made. Plaintiffs also admit making the sworn statement concerning the amount of their insurance, but deny that it was made fraudulently, and say that, at the time thereof, defendant had already been informed and knew of the additional policy of $500, and that

it was at defendant's own request or direction that no mention was made of the later policy, in the sworn statement.

On the trial below, there was, at the close of all the evidence, no motion by either party for a directed verdict, and, upon submission of the issues by the court, the jury returned a verdict for plaintiff for $1,864.

I. The first proposition upon which a reversal of the judgment below is asked is that the admitted sale of a half interest in the partnership of Tero Petroff & Company relieved the defendant from all liability upon its contract of insurance. Another point made, bearing upon the same question, is that the evidence is insufficient to sustain a finding that this defense was waived by the defendant.

Upon the principal proposition, as to the effect of the sale if objection thereto was not waived, the court instructed the jury in strict accord with appellant's contention, saying, in plain terms, that "such sale and transfer would constitute a breach of the terms of the policy of insurance and would render the same void, and no recovery can be had upon said policy unless you find, by a preponderance of the evidence, that plaintiffs have sustained the claim that defendant waived such breach of the terms of the policy." It would seem, therefore, that there is no occasion to discuss or pass upon the abstract correctness of the rule so applied, concerning the nature and effect of the forfeiture clause in question. The court having adopted the defendant's theory in this respect, and the plaintiff not appealing, the one question to which we are remitted upon this issue is whether the record is sufficient to sustain the finding that the defense was waived. The trial court, holding that, upon the record made, this question was one of fact, and not of law, submitted it to the jury, with the following instruction:

"In considering the question as to whether or not the defendant waived any breach of the terms of the policy,

which provided that the policy was to be forfeited in case
of a transfer or change of title of the property covered by
said policy without the consent of the defendant, you are
instructed that, under the law, a party to a contract, such
as an insurance policy, containing stipulations releasing
such party from liability thereon, is at liberty, if he sees fit,
to not insist on said conditions, but to waive the same; but,
in order that the acts of such party shall constitute a wai-
ver, he must act with full knowledge of the circumstances
releasing him; and if, with a full knowledge of the circum-
stances releasing him, he consents to treat the contract as
of binding force, and induces the other party to act in that
belief, he will be deemed to have waived the conditions re-
leasing him. So, in this case, if the plaintiff has estab-
lished, by a preponderance of the evidence, that the defend-
ant association, having had notice of the loss by fire of the
property covered by the policy in suit, sent its manager,
secretary or adjuster to the town of Lehigh to see the mem-
bers of the plaintiff partnership, and, with full knowledge
of the fact that a transfer had previously been made of an
interest in the partnership property covered by the policy
of insurance, the said manager, secretary or adjuster re-
quested or induced the said partners of the plaintiff firm
to leave their work and go to the city of Fort Dodge, at
some expense to them, to make and furnish proof of loss
under said policy, and at such time, such manager, secre-
tary or adjuster, with knowledge of the transfer of the
property covered by the insurance policy, without the con-
sent of the defendant association intentionally gave the
partners interested in the plaintiff partnership to under-
stand that he was willing and ready to pay the loss result-
ing from the destruction by fire of the property insured,
such conduct on the part of said manager, secretary or
adjuster would be sufficient to establish the claim of plain-
tiff that said condition of forfeiture in the policy had been

waived by the defendant association. However, if you fail to find, by a preponderance of the evidence, that, at the time of the making out of the proof of loss, the manager and secretary of defendant association had full knowledge of such transfer and change of title in the property covered by the policy, or if you fail to find, by a preponderance of the evidence, that it was at the request or inducement of said manager or secretary that said proof of loss was prepared and the trip above referred to taken by the partners to the city of Fort Dodge, then the claim of plaintiff that the defendant waived any breach of the terms of said policy, by reason of there being a transfer or change in title to the property covered by said policy, has not been established, and you will give no heed thereto."

This instruction fairly and fully states the law of waiver, as applied to cases of this character, and the evidence upon the several matters of fact therein referred to affords ample justification for its submission to the jury. It clearly appears that, before any proofs of loss were made, the company and its representatives who figure in the transaction had notice and knowledge of the fact that the interest of Mike Joe in the partnership had been sold and transferred to Peters before the fire; and, if they intended to rely upon that fact as a forfeiture, and take advantage of their right to be released from the contract, ordinary fairness and frankness required them to speak, and deny liability. If they did not do so, but induced plaintiffs to proceed, and incur labor and expense to prepare their proofs of loss, promising them that, upon completion thereof, such loss would be paid, it would be a perversion of justice tantamount to a fraud to permit the insurer, after its demand had been complied with, to insist upon a forfeiture. Without going into the details, it is sufficient to say that the testimony, if believed by the jury, sustains a finding to this effect. The rule thus applied has been approved

by this court in *Rundell & Hough v. Anchor Fire Ins. Co.,*
128 Iowa 577; and there are many other precedents, of
which that case is a type. It frequently happens that the
grounds of forfeiture of insurance in a given case are more
or less technical in character; and the insurer may elect,
and often does elect, to disregard the objection, and to treat
the policy as remaining in force, regardless of such breach
of its terms. Having done so, the insurer retains no op-
tion to retrace its steps and rely upon such breach as a re-
lease of its contract obligation.

The trial court did not err in submitting this issue to
the jury, and the verdict has sufficient support in the rec-
ord.

II. Another ground of forfeiture of the insurance
which is pressed upon our attention in argument is the
plaintiffs' alleged fraudulent misstatement of the amount
of insurance upon the goods at the date of

2. INSURANCE:
fraudulent
statements as
to insurance.

the fire. To constitute a breach of the terms
of the policy in this respect, the misstate-
ment must have been fraudulent, or with
some design or purpose to conceal the truth, or to deceive or
mislead the insurer. The jury was so charged by the court,
and instructed that, if plaintiffs' statement was thus tainted
by a fraudulent design or purpose, they could not recover
upon the policy. The evidence tended to show—indeed, it
seems to be admitted—that this written statement was pre-
pared by defendant's own agent, and by him submitted for
plaintiffs' signatures and verification, with knowledge of
the fact that a second policy had been taken out by the
plaintiffs. Defendant and its agents having such knowl-
edge, and plaintiffs knowing that fact, the allegations of
fraud or deception, or intent to defraud or deceive, are quite
effectively negatived,—or at least it constitutes a showing
upon which the jury could well find for the plaintiffs on
that question. Whether failure to mention the policy was

a matter of oversight on part of defendant's agent in preparing the writing, or on part of plaintiffs in signing, or was left out, as plaintiffs say, at the suggestion of the defendant's local agent, who secured both policies for plaintiff, is wholly immaterial, in the absence of a fraudulent intent. It is unnecessary, perhaps, to add that, if the theory of appellee's counsel be true, that the writing was prepared in that form by defendant's agent as a mere trick to entrap the plaintiffs, who are of foreign birth, and not well versed in our language, into a statement upon which a forfeiture could be claimed, the defense would be equally unavailing.

We find no error in the rulings below with respect to this issue.

III. The policy appears to have been obtained by one Williams, an agent to whom plaintiffs applied for insurance. Just the nature and extent of his agency for the defendant

3. Appeal and error: harmless error: improper evidence bearing on fully established fact.

company are not shown. Plaintiffs pleaded and offered to show that, when Mike Joe sold out to Peters, they notified Williams of the fact, and asked him to have the insurance changed, if any change was necessary, and that Williams informed them that none was required. They also claim that, when about to make up their proofs of loss, Williams told them it was not necessary to mention the later policy (which he also procured). Some argument is directed to this feature of the case; but it appears that the testimony, so far, at least, as relates to the change of ownership of the insured property, was ruled out, and, as the ruling was in appellant's favor, we need take no time in considering its admissibility. It is said, however, that Williams' advice as to the form of the proofs of loss should not have been admitted. Even if it should be held that the evidence of Williams' agency was insufficient to permit this testimony, we are satisfied that its admission would, at most, be

error without prejudice, for it is otherwise shown without dispute that, at the time the paper was prepared, defendant had notice and knowledge of the entire truth respecting the amount of insurance, and there was neither fraud nor intent to defraud on the part of plaintiff in making the statement. .

Appellant also places some reliance on a clause contained in the blank proof of loss which it furnished, and which, after being filled out by defendant's agent, was signed by plaintiffs. The clause referred to reads as follows:

4. INSURANCE: furnishing blanks and making proofs.

"It is expressly understood and agreed that the furnishing of this proof of loss (Exhibit B) to the assured or making up proofs by an adjuster or any agent of the company or companies named herein is not a waiver of any rights of said company."

But this goes no further than to provide that the mere act of the company in furnishing the insured the forms or blanks upon which he can make his proofs, or the mere act of the insurer's agent in making out or filling up said proofs in due form, shall not be held as a waiver of any right on the part of the insurer. Obviously this provision has no material application here. No claim of waiver is made by the appellee on either of the grounds against which this agreement is intended to provide. We may go further, and say that the insurer may properly take all reasonable measures to investigate and ascertain the truth in relation to any loss for which it is called upon to pay, without any risk of being held to have waived its right to defend, if it has a defense. If, however, its investigation develops a fact on which a forfeiture may justly be claimed, and it desires and intends to rely thereon, it cannot, without waiving such defense, proceed thereafter as though the policy were valid, and induce the insured to expend time, labor, and

5. INSURANCE: change of title: waiver.

money in preparing and presenting proofs, in the belief and understanding that the loss will be paid when these formalities have been complied with. No agreement or condition intended to fence against a waiver can be devised so as to exempt either party from the obligations of good faith, or to deprive either party of the remedies which the law provides against fraud.

We are of the opinion that there is no reversible error in the record of this case, and the judgment of the district court is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.