(137 So. 778)

AMERICAN INS. CO. OF NEWARK, N. J.,
et al. v. MOORE.

8 Div. 257, 258.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Oct. 27, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

R. L. Almon, of Moulton, and Wm. L. Chenault, of Russellville, for appellee.

BRICKEN, P. J.

Appellee brought suit against each of these appellants. At the time of the trial it was agreed between the parties that the two suits should be consolidated and tried together, as they involved the same or similar principles of law, and the evidence in both cases was to a large extent the same.

The complaint against the American Insurance Company is in Code form on a policy of fire insurance, and seeks to recover $1,000, the value of a dwelling house and household and kitchen furniture. Appellant American Insurance Company demurred to this complaint, which demurrers were overruled, and the appellant then pleaded the general issue and in short by consent.

The complaint against the Home Insurance Company was in Code form on a policy of fire insurance and sought to recover the sum of $500, the value of the store house. The Home Insurance Company demurred to the complaint, and upon demurrer being over-ruled, the appellant pleaded the general issue and in short by consent.

The cases were tried by the court without a jury. At the conclusion of the evidence each defendant requested a special finding of the facts.

Judgment was rendered by the court in favor of plaintiff and against defendant American Insurance Company for $945; and also a judgment in favor of plaintiff and against defendant the Home Insurance Company for $405. To these actions of the court both defendants excepted. Like exceptions were reserved to the action of the court in overruling the respective motions for a new trial. From the judgment pronounced and entered, each defendant appealed to this court.

Upon the trial the defendants insisted: (1) That the property was overinsured; (2) the willful burning of the property by the assured and increase of hazard; (3) the failure to give notice of loss and file proof of loss, as provided for in the policies.

We have given attentive consideration to the evidence adduced upon the trial. On the question of the overvaluation of the insured property, the evidence as to the value of the buildings was in conflict. The value of the buildings as ascertained by the court is well within the limits of the evidence on these questions, and the court was amply sustained by the evidence in its findings in this connection. There appears no conflict in the evidence, so far as we have been able to ascertain, as to the value of the insured contents in the dwelling house at the time of its destruction by the fire. The court, therefore, was justified in its findings and the judgment rendered as to this property.

Relative to the second (2) insistence of appellants, the court was specifically requested to find "as to whether or not the assured willfully burned or caused the property to be willfully burned." As to this, "The court finds that the assured did not willfully burn or cause to be willfully burned the property." From the evidence, and its tendencies, there appeared some adverse inferences and suspicious circumstances in connection with the origin of the fire complained of; but this court is not prepared to say that the court's finding in this connection was palpably wrong and not sustained by the preponderance of the evidence. The trial court will not be put in error in its conclusion on a question of fact where, as here, there is ample evidence in the case to support the finding of fact by the court. In other words, the finding by the court does not appear to be plainly contrary to the great weight of the evidence, so, under the circumstances, it will not be disturbed by this court.

On the third (3) insistence of appellant, "The failure to give notice of loss and file proof of loss, as provided for in the policies," the court was requested to find "whether or not the assured furnished proof of loss in accordance with the policy to each of the defendants." In this connection, "the court finds he did not furnish the proof of loss according to the policy, but that under the circumstances in the case it was waived." Appellee insists that "appellants waived the terms of the policies with reference to notice of the fire and proof of loss." He insists, "The defendant's witness, J. L. Weatherwax, testified that these policies were signed and delivered by him to C. H. Moore. Under his evidence these policies were not valid and did not bind the company until they were signed by him, which he did do and turned over to Moore and collected premiums from Moore, and shortly after the fire Moore came in and reported the fire to him and ask him to notify these companies of this fire, which he agreed to do and which he did do, and this was a waiver of any further notice. Mr. Weatherwax testified that he wrote the companies, notifying them of these fires the day that Moore reported the fires to him." There was other evidence of like import; hence the court's finding in this connection is sustained.

Appellee also makes the insistence "that as appellants denied all liability on these policies, the failure, if there was a failure, to file proof of loss within the time, is not a ground for forfeiture, the companies not so declaring the same were not forfeited." Taber et al. v. Royal Insurance Co., 124 Ala. 681, ·691, 26 So. 252.

There are a number of assignments of error based upon exceptions reserved pending the trial. A discussion of these numerous questions here would serve no good purpose, as the question of importance upon this appeal is whether or not the judgment rendered by the trial court was sufficiently sustained by the proof adduced upon the trial of this case. From what has been said we answer that question in the affirmative. We have, as the law requires, examined and considered each of the questions thus presented, and have discovered no error in any of them of sufficient import to reverse the judgments from which these appeals were taken. We take it that this general statement as to our conclusions on the points of decision involved will be sufficient for review by certiorari of any or all of these questions, as it is not our purpose to impair or abridge the rights of appellants in this connection.

The judgments rendered in the two cases upon which these appeals are predicated are affirmed.

Affirmed.