144 So. 129

**AMERICAN INS. CO. v. PORTER.**

6 Div. 333.

Court of Appeals of Alabama.

Nov. 1, 1932.

Coleman, Spain, Stewart & Davies, of Birmingham, and Oliver E. Young, of Vernon, for appellant.

R. G. Redden and J. C. Milner, both of Vernon, for appellee.

Brief did not reach the Reporter.

SAMFORD, J.

Plaintiff, in the court below, sought to recover of the defendant, in the court below, for the loss of a dwelling house and household and kitchen furniture, covered by the insurance policy dated September 28, 1928, and which was destroyed by fire on September 2, 1929. Plaintiff offered evidence to show that the property destroyed by fire was insured by a policy of the defendant and that the personal household goods were owned by the plaintiff; that the house destroyed originally was owned by his father; that plaintiff was an heir at law of his father, and that there were twelve other children who also were heirs; that the property destroyed had been set aside to the two minor children. Evidence further tended to show that plaintiff was guardian for the two minor children, and that at the time of the issuance of the policy he was preparing to move into the house and the children were making their home with him. It is also made to appear that Hankins, the agent of defendant, solicited this policy of insurance from plaintiff, took his application therefor, sent it to the company in some foreign state, that the policy was returned to Hankins, signed by the proper officers of the company, but not to be binding until countersigned by Hankins, the agent, at Vernon, Ala., who countersigned same, delivered it to plaintiff, and collected the premium. Plaintiff testified that he informed Hankins as to the exact status of the title and of his interest therein. Hankins testified that: "Mr. Porter told me at the time I took the application it was his father's old homestead and I understood he had bought the interest of all the heirs over twenty-one years old and that he had been made guardian of the minor heirs."

Plaintiff introduced the policy of insurance on which suit was instituted, which said policy, among other provisions, provided that all claims for any loss or damage shall be forfeited for failure to furnish proof of such loss. The policy also provides that within fifteen days the insured should give written notice to the home office or the Southern Farm Department office of the fire, and within sixty days from the date of the loss render to the office or offices named above a sworn and signed account of the loss.

Defendant's evidence showed that written notice of the loss as provided in and by the terms of the policy had never been given to the company and that sworn proof of loss had not been filed with the company at any time. Plaintiff offered testimony tending to prove that on the day after the fire, he had notified Hankins, the agent of defendant, at Vernon, that the house was destroyed, and that Hankins had told him that was all that was necessary as to notice and that he (Hankins) would attend to it.

There can be no doubt that the provision in the policy requiring a written proof of loss is valid and binding upon plaintiff, unless waived by an officer or agent of the com-

pany having authority to bind the company by such waiver. 26 Corpus Juris, 367 (469).

■ It is equally clear that an agent who is authorized only to solicit and take applications for insurance, receive premiums, deliver the policy after it has been signed and issued by the proper officers, has no authority to waive a breach for failure to file proof of loss, where that clause is in the policy. London & L. Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909.

■ It is, however, the law that an agent of a fire insurance company, authorized to solicit applications for insurance and to countersign and issue policies entrusted to him for that purpose, must be regarded quoad hoc as a general agent of the company. Sun Ins. Office of London v. Mitchell, 186 Ala. 420, 65 So. 143; American Ins. Co., etc., v. Moore, 24 Ala. App. 518, 137 So. 778; Id., 223 Ala. 625, 137 So. 780.

■ In the instant case Hankins was more than a soliciting agent. The policy was not valid and binding until countersigned by him. He was not a mere delivering agent, but was clothed with a discretion in the making of the contract. He must, therefore, be held to be a general agent of the company. in dealing with the clause requiring written notice of the loss. The facts of this case are almost identical with the facts in the Moore Case, supra, where this court held the company to a like waiver and on certiorari the Supreme Court denied the writ.

■■ The court charged the jury that it was a question for them to say whether Hankins was such an agent as had authority to waive written proof of loss and as to whether this was done. In this ruling the court did not commit reversible error. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46. The clause in the policy requiring notice and proof of loss was binding on plaintiff unless waived. Was it waived by one having authority? This question was properly submitted to the jury.

■ Another clause in the policy sued on warranted that the insured was the sole owner of the property. It developed on the trial that the plaintiff was not the sole owner of the insured house, but was an heir in possession with an undivided one-twelfth interest therein. Plaintiff testified that he informed Hankins, the agent, of the condition of the title. Hankins testified that he did not. This was a question of fact for the jury. The plaintiff had an insurable interest in the property, to the extent of such interest, and if he informed the agent of the condition of the title at the time of the taking out of the insurance, the fact that he did not own the entire property would not work a forfeiture as to his interest. The evidence tends to show

that plaintiff in making the contract of insurance was acting solely in his own interest and there is no evidence tending to show that he was in any sense acting for his brothers and sisters who owned eleven-twelfths of the property. Plaintiff was, therefore, in any event only entitled under the policy to recover three-fourths of the value of his interest in the property destroyed, and the burden rested on him to show the value of his interest in the property destroyed, and if he does not carry this burden his recovery can be for nominal damages only. Ætna Fire Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160; 26 Corpus Juris, 518 (729) 6. The evidence in this case did not furnish sufficient data from which to ascertain the exact amount of plaintiff's interest, and therefore under the ruling in the Kennedy Case, supra, the court erred in refusing to give at the request of defendant charge 2.

The judgment is reversed, and the cause is remanded.

Reversed and, remanded.