153 So. 448

### AMERICAN INS. CO. v. MILLICAN.

### 8 Div. 844.

Court of Appeals of Alabama.
Nov. 7, 1933.

Rehearing Denied Nov. 28, 1933.

J. N. Powell, of Hartselle, and S. A. Lynne and Tennis Tidwell, both of Decatur, for appellee.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

**SAMFORD, Judge.**

The complaint was in three counts, claiming insurance for the destruction by fire of plaintiff's dwelling and two barns.

The several counts of the complaint were in Code form and not subject to any of the grounds of demurrer interposed. Code 1923, § 9531, form 13; Com. Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 321, 8 So. 222, 60 Am. St. Rep. 162. The omission of the word "has" from the third count is so apparently an inadvertence as to be entirely cured by the evidence which disclosed notice to defendant long before the suit was filed, which evidence was admissible under counts 1 and 2. Bond Bros. v. Kay, 223 Ala. 431, 136 So. 817.

The defendant filed pleas 4, 6, 7, 8, and 9. Plea 4 pleaded a failure of plaintiff to furnish proof of loss as was required by the terms of the policy. Pleas 6, 7, and 9 averred that the plaintiff mortgaged the insured property, or incumbered, after the execution and delivery of the policy, and in pleas 6 and 7 it is averred that plaintiff executed a mortgage to the Hartselle Motor Company, which constituted an incumbrance on the property. In plea 9 it is averred that plaintiff executed a mortgage to Mollie Turney, which likewise was an incumbrance on the property. Plea 8 avers the commencement of foreclosure proceedings on or about January 1, 1930—all of the foregoing being in violation of the terms of the policy. Plaintiff filed special replications to all these pleas, setting up estoppels or waivers on the part of defendant, acting by and through its agent Howell and its adjuster Norris.

It is averred in replications 2, 5, 9, 11, and 13, that Howell was the agent of defendant and as such agent he had authority to countersign, issue, and deliver policies of insurance and to collect the premiums thereon, and then follows averment of facts showing the estoppel or waiver on the part of Howell while acting as the agent of defendant.

If Howell had the authority alleged in the replications, then he was the general agent of defendant, so far as the issuance of the policy in this case is concerned. He was according to the averments of the replications to be regarded quoad hoc as the general agent of the company. There are so many authorities in this state declaring this to be the law, we deem it unnecessary to cite them all, citing only Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84, where many cases are collated.

If Howell was such general agent as averred, he then had authority to bind defendant by the waiver and estoppel as alleged in the replication. Nat. Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227. As such general agent Howell also had authority to waive proof of loss and the incumbrances on the property and to estop the defendant from asserting the breaches of these terms of the policy. 16

Alabama and Southern Digest, Insurance, ⊛375 (2).

■ Replications 3 and 14 aver that Howell as agent of defendant had authority to take risks and transact the business of fire and marine insurance for the defendant. This constituted Howell the agent of the defendant with power to bind defendant in the premises by way of waiver or estoppel. Westchester F. Ins. Co. v. Green, 223 Ala. 121, 134 So. 881.

Howell, under the authority as pleaded, was a general agent of the defendant for the purpose of effecting insurance and in making binding contracts regarding same, but this is by virtue of the relationship and decision of our Supreme Court in the many decisions on that subject and not by reason of section 1 of Gen. Acts 1927, p. 34, defining what is an insurance agent. That act does not so declare the agent's authority to be general, but merely describes an agent for the purpose of insurance regulation and control.

The rule denying the defendant the right to escape liability under the facts pleaded in the replications partakes both of waiver and estoppel, and may be pleaded either way. The rule we think is correctly stated in Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 97, 121 So. 84.

■ Defendant insists that the replications do not allege that the agent was acting within the line and scope of his authority. This, of course, should appear either as a direct allegation or by necessary implication. If the pleading charges facts showing a relation of agency and its scope and facts showing the acts were within the scope of the agency, it is sufficient and in effect is the same as if the charge had been made directly that the act was done within the line and scope of the agency. Jones v. Strickland, 201 Ala. 138, 77 So. 562; Woodward Iron Co. v. Herndon, etc., 114 Ala. 214, 21 So. 430.

Replications 4a, 8a, 12a, 12b, and 15 need not be considered. These replications predicated a waiver or estoppel on the acts of one May, who represented defendant as an adjuster, but by a written charge requested by defendant a consideration by the jury of the issues involved in the above replications was eliminated.

■ The averments in replications 4b, 8b, 12c, 12d, and 16, as to the authority of defendant's agent and the allegations as to waiver with notice are justified and suffi-

cient under the decision in Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537; Royal Ins. Co. v. Eggleston, 19 Ala. App. 638, 99 So. 828.

■ Replications 2 and 3 aver that on or about October, 1929, plaintiff paid to Howell, as agent of the defendant, the premium on the policy sued on, which under the terms of the policy was not to accrue until the 1st day of November following; that he had previously informed Howell of the Hartselle Motor Company mortgage; that at the time he paid the premium he informed Howell that the mortgage was not paid; that Howell stated to plaintiff on the occasion of said payment that the Hartselle Motor Company mortgage was all right and that plaintiff had insurance for another year. This payment had the effect of continuing the terms of the policy already issued and delivered, and the acceptance of the premium by Howell, the agent of defendant, of the premium, estops plaintiff from pleading the Hartselle Motor Company mortgage as a forfeiture. Gazis Case, supra.

■ Replication 4 sets up the fact that the mortgage of the Hartselle Motor Company covered the homestead of the plaintiff, that plaintiff was a married man, living on the mortgaged land with his family, and that the separate acknowledgment of his wife was not taken as required by law, and for that reason the mortgage was a nullity and void.

If, therefore, the facts pleaded were true, the mortgage, although in form, constituted no lien or incumbrance on the insured property, and the replication was a complete answer to defendant's pleas setting up this defense. Code 1923, § 7883. The replication alleges a want of jurisdiction on the part of the officer before whom the separate acknowledgment of the wife purports to have been taken. While the certification of an officer taking an acknowledgment is a judicial act and may not be impeached as to its contents, except for fraud (Qualls v. Qualls, 196 Ala. 524, 72 So. 76), where there is no appearance or the signature is a fabrication, this fact may be shown and the certificate as a whole impeached by parol evidence (Russell v. Holman, 156 Ala. 432, 47 So. 205; Moore v. Bragg, 212 Ala. 481, 103 So. 452).

If the mortgage to the Hartselle Motor Company was void and no lien on the homestead of plaintiff, it did not constitute an incumbrance such as would violate the terms of the policy of insurance. 14 R. C. L. 1130, § 309; Watertown Fire Insurance Co. v.

Grover & Baker Sewing Mach. Co., 41 Mich. 131, 1 N. W. 961, 32 Am. Rep. 146.

■ If Norris, as agent and adjuster for defendant, with knowledge of the various breaches of the contract here complained of, entered into negotiations or transactions with plaintiff which recognized and treated the policy as still of force, there was a waiver on the part of defendant of the right to claim a forfeiture. Replication 4b sets up these facts and was sufficient. Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537.

The undisputed evidence discloses that the proceeding to foreclose the Hartselle Motor Company mortgage was not begun until after the insured property was destroyed by fire, and hence it becomes unnecessary for us to consider replications 5 and 6. The plaintiff was entitled to affirmative instructions on this point in the case, and therefore rulings respecting these replications were, if error, without injury to defendant.

■ Replications 9, 10, 11, and 12 are sufficient as answers to plea 4. These replications are sustained by numerous authorities, among which are Am. Ins. of Newark et al. v. Moore, 24 Ala. App. 518, 137 So. 778.

■ Rejoinder No. 4 sets out a provision in the policy which provides that: "No agent or employee of this company or any other person or persons, except an officer or the Southern Farm Dept. Manager, in writing shall have power or authority to waive or alter any of the terms or conditions of this policy."

Under the allegations of the pleadings, Norris and Howell were the general local agents of this defendant. It has been settled in this state by many decisions that such provisions in policies of insurance as here pleaded do not affect the authority of general agents to waive provisions in the policies. As far back as 131 Ala. the Supreme Court said on this question: "It must be regarded as finally settled with us." Cont. Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876, 878.

■ After the fire and notice to defendant, defendant sent one Wm. May, as its representative, to investigate and adjust the loss under the policy. Before making the investigation, May required plaintiff to sign what is called a nonwaiver agreement as follows:

"It is hereby mutually understood and agreed by and between J. M. Millican of the first part and American Insurance Company of Newark, N. J., and other Companies signing this agreement, party of the second part, that any action taken by said party of the second part in investigating the cause of fire or investigating and ascertaining the amount of loss and damage to the property of the party of the first part caused by fire alleged to have occurred on Jan. 23, 1930 shall not waive or invalidate any of the conditions of the policy of the party of the second part held by the party of the first part and shall not waive or invalidate any rights of either of the parties to this agreement.

"The intent of this agreement is to preserve the rights of all parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage, in order that the party of the first part may not be delayed unnecessarily in his business and in order that the amount of his claim may be ascertained and determined without regard to the liability of the part— of the second part. Signed in duplicate this 24 day of February, 1930."

Rejoinders were filed by defendant based upon the foregoing agreement relating to alleged waivers made by May and also by one Norris, who, subsequent to the investigation made by May, was sent by defendant to investigate and negotiate with plaintiff regarding said loss. In the replications filed by plaintiff, distinct waivers are averred as to Norris.

In sustaining plaintiff's demurrers to these rejoinders as applied to and referable to replications alleging waivers by May, the court was in error. Ins. Co. of N. Am. v. Williams, 200 Ala. 681, 77 So. 159. But this error was afterwards cured by the court by the giving of written charges 34 and 35, which eliminated from consideration any act of May as constituting a waiver on the part of this defendant.

■ The acts of Norris present a different question. The replications allege a different and independent adjustment on the part of Norris, not connected with the agreement made by plaintiff with May. If, therefore, after May had made the investigation for the defendant and with the knowledge thus acquired, it sent as its agent and adjuster Norris, "who had authority from defendant to examine, investigate and adjust the loss of plaintiff," and during such investigation and negotiations looking to an adjustment Norris said or did any act evincing a clear purpose to waive any breach and treat the policy as a valid subsisting claim, this defendant would be held to the waiver. The defendant was entitled to take all reasonable measures to investigate and ascertain the truth in relation to any loss for which it is

called upon to pay without risk of being held to have waived its rights to defend, if it has such right. Petroff & Co. v. Equity F. Ins. Co., 183 Iowa, 906, 167 N. W. 660. If, however, its investigation develops a fact on which a forfeiture may justly be claimed and it desires and intends to rely thereon, it cannot without waiving such defense proceed thereafter as though the policy was valid. And a nonwaiver agreement does not prevent a waiver by subsequent independent acts or statement of insurer through its adjuster or other agent having authority to act in the premises. In other words, a nonwaiver agreement may be waived in like manner as any other clause in the contract of insurance. 26 Corpus Juris, 405 (519) (3), note 58. In this view of the case the demurrers to the rejoinders as they related to the acts of Norris were properly sustained. Penn. Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923.

The defendant insists that on the facts it was entitled to the general affirmative charge and that the trial court erred in refusing these various charges requesting affirmative instructions. There is no question that the policy of fire insurance was issued, covering the property of plaintiff, that the premium was paid and that the property included in the policy was on January 23 or 24, 1930, destroyed by fire, and but for certain forfeitures claimed and pleaded the policy was a binding contract to pay the loss by fire claimed in the complaint. To these pleas plaintiff filed replications setting up waivers as to the matters set up in each plea, and there was evidence tending to prove these replications and the agency of the parties acting for the defendant in making them.

There is much insistence made that Howell, the local agent of defendant, and Norris, its adjuster, were not such agents as were authorized to bind defendant by estoppel or waiver in matters touching the loss.

As to Howell, he was commissioned as an agent of the American Insurance Company (defendant) duly authorized to take risks and transact the business of fire and marine insurance for said company. This certificate of authority was issued by the insurance department of the state and forwarded by defendant to Howell, along with a letter acknowledging him as an agent of the company. Howell was the contact man acting for defendant in the transaction of business with policyholders; he had authority to solicit business, but he was also empowered to countersign, issue, and deliver policies. That the clerical work incident to the issuance of the policy was done somewhere else is of no moment. The policy was not binding until countersigned by Howell and delivered by him.

The statements made by Howell with reference to the mortgages on the property, if true, constituted an estoppel and a waiver as to this defendant. United Burial & Ins. Co. v. Collier, 24 Ala. App. 546, 139 So. 104; Nat. Fire Ins. Co. v. Tenn. Land Co., 224 Ala. 113, 139 So. 227; American Ins. Co. v. Moore, 24 Ala. App. 518, 137 So. 778. If the testimony of plaintiff is to be believed, then his waiver of a formal proof of loss as required by the terms of the policy was binding on the defendant. Authorities supra.

With reference to the waiver attributable to the adjuster Norris, be it said: The investigation of the loss by defendant on its own account and for its own satisfaction, without more, would not constitute a waiver of forfeiture clauses in the policy. But, under the evidence in this case, this plaintiff had no notice that defendant was making such an investigation; on the contrary there was evidence tending to prove that Norris had authority to make the adjustment and to act generally for defendant in the premises. Norris' acts, within the usual scope of the business entrusted to him, in the absence of notice of limitations or fraud, were binding on defendant. Ray v. Fidelity-Phoenix Fire Insurance Company, 187 Ala. 91, 65 So. 536.

There was ample evidence from which the jury might infer general authority in Norris and a waiver by him of the various forfeitures provided in the policies and pleaded in this case.

The tendencies of the evidence in this case presents a case where plaintiff insured his property with the defendant company against loss by fire and paid the required premium agreed upon to insure this protection. It appears that the value of the houses insured were largely in excess of the amount for which they were insured. The property was destroyed by fire, and there is an entire lack of any evidence tending to prove any fraud on the part of plaintiff or his connection with the fire.

The entire defense is grounded on forfeiture clauses inserted in the policy by the defendant for its own benefit. We know, as a matter of common knowledge, that as a general rule these forfeiture clauses are carefully prepared by the insurer, inserted in the policy in small type, and rarely, if ever, read by the insured, until after a loss occurs. The provisions are a part of the

contract and as such, though often working hardships, are binding on the insured. But the trend of all our decisions is that these forfeiture clauses will be strictly construed as against the contentions of the insurer and liberally in favor of the insured, where there is any evidence tending to prove a waiver or an estoppel as against the insurer the findings of juries to this conclusion will not be disturbed.

There are many assignments of error in this record. In fact there are 279 of them. All of these assignments have in a manner been argued in brief of counsel. Many of these assignments are without merit; many of them were cured by the court by its subsequent rulings; many of them are without injury to the substantial rights of the defendant. We have examined them all, and, while we do not reply specifically to all of them, we have written to such as appear to be the controlling questions in the case and as to the remainder, we find no error which would warrant a reversal.

The judgment is affirmed.

Affirmed.