# Page *v.* Haas Bros. Packing Co.

## *Detinue.*

(Decided December 4, 1913.    63 South. 691.)

1. *Detinue; Evidence.*—Where the action was detinue against two defendants it was competent for the manager of the plaintiff corporation to testify that the property in suit was purchased from a third person by one of the defendants as agent for the plaintiff corporation, and was to remain the property of the plaintiff with the privilege in such defendant of paying plaintiff the purchase money furnished by it and acquiring the property, as shedding light on the question of title to the property as between plaintiff and such defendant, and to shed light upon the acts of such defendant in making a bill of sale to the property to plaintiff without other consideration, although such evidence could not affect the claim of the other defendant to title as a purchaser for value without notice.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the bill of sale was subsequently introduced, the admission of evidence to shed light upon such bill of sale before its introduction in evidence was harmless, if erroneous.

3. *Trial; Reception of Evidence; Objection; Time.*—Where questions eliciting certain evidence were not objected to, and the answers were responsive to the questions, the court properly refused to exclude the evidence.

4. *Evidence; Conclusion.*—Where the witness had testified as to facts relative to the transaction, questions on cross-examination calling for his conclusion as to what the suit was based on, and whether plaintiff's claim of title was based solely on a certain bill of sale, were properly excluded.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Detinue by the Haas Bros. Packing Company against Harvey B. Page and Roy Page. Judgment for plaintiff and defendant Roy Page appeals. Affirmed.

The suit seemed to be for the fixtures and furniture connected with a meat or market business located at a certain point in Mobile. Ed Haas was secretary and treasurer of the Haas Bros. Packing Company, a corporation, and as such entered into an agreement with

Harvey Page to buy for him the St. Louis Street Market, and in pursuance of the agreement paid $350 for same. He testified that Mr. Gregory was not the man who owned the market, but that Davis was, and that he, Gregory, and Page, were together at a certain point in Mobile when an oral agreement concerning the same was entered into; the agreement being that Page was to buy the market, the Haas Company was to furnish the money, and the title was to remain in the Haas Company until the $350 was repaid. They began to fall back, "and the account got so large that we told Page we wanted security for the money, and he came down and gave us a bill of sale for the place." It further appears that Roy Page was not known in the transaction at the time it was made.

GORDON & EDDINGTON, for appellant. The court was in error in declining to rule out the testimony of Haas as to the oral agreement that the title to the said goods should remain in the plaintiff.—*Ala. State Bank v. Barnes,* 82 Ala. 607. The error could not be without injury, as the court was acting in the dual capacity of judge and jury. The court was in error in not permitting Mr. Haas to be asked on cross-examination as to what he based title to the goods on, and if it was not solely upon the bill of sale.—*Steiner Bros. & Co. v. Tranum,* 98 Ala. 318; *Honeycutt v. Higginbotham,* 138 Ala. 477. Counsel discuss other matters assigned, but without further citation of authority.

ELLIOTT G. RICKARBY, and JERE AUSTILL, for appellee. The law in this case is expressed clearly by the case of *Ellis, et al. v. Allen, et el,* 80 Ala. 515, and even if plaintiff had but an equitable title at the start, the bill of sale clearly established a legal one, which the pres-

ent appellant is estopped from denying. The court was not in error in not permitting the witness to state a conclusion where the witness had already stated the facts upon which those conclusions must be based.

PELHAM, J.—The suit being in detinue between Haas Bros. Packing Company, a corporation, appellee, as plaintiff, and H. P. Page and Roy Page, as defendants, the testimony of the witness Ed Haas as to the oral agreement made by him as manager of, and acting for, the plaintiff, with one of the defendants (H. B. Page), to the effect that the personal property in suit was purchased from a third party by Page acting as the agent of the plaintiff and that it was to remain the property of the plaintiff, with the privilege in Page of paying the plaintiff the purchase money furnished by it and acquiring the property (which had not been done), was certainly competent evidence for the court, sitting in the trial of the case without a jury, to consider as affecting the title and rights of those principals to the transaction who were parties to the suit (that is, H. B. Page, one of the defendants, and the plaintiff), and the court cannot be put in error for admitting this testimony and refusing to exclude it on the motion of the defendants, whether or not it affected the claim to title of Roy Page as a purchaser for value without notice.

This evidence was also competent for the purpose of shedding light on the act of H. B. Page, subsequently shown, in making a bill of sale to the plaintiff without other or additional consideration; and even if incompetent at the time of its admission, which we do not think it was, this was rendered harmless by the subsequent introduction of evidence rendering it competent. —*Hannegan v. State,* 5 Ala. App. 142, 59 South. 376; *Stokes v. State,* 5 Ala. App. 159, 59 South. 310.

Moreover, it is not made to appear by the bill of exceptions that objection was interposed to the questions eliciting this evidence before the witness answered the questions. The record does not show what the questions were, and, for aught that appears, the answers which were objected to and which the defendant moved to exclude were responsive to the questions, and, nothing appearing to the contrary, it will be presumed on appeal that they were; and, the questions not being shown to have been objected to, the objection to the answers comes too late.—*S. W. Ala. R. R. Co. v. Maddox & Son,* 146 Ala. 539, 41 South. 9; *Hooper v. Dorsey,* 5 Ala. App. 463, 58 South. 951; *Billingsley v. State,* 96 Ala. 126, 11 South. 409; *McCaskey Register Co. v. Nix Drug Co.,* 7 Ala. App. 309, 61 South. 494.

The facts upon which the plaintiff based its claim of title to the property in suit were in evidence before the court, and the court properly sustained objections to the questions propounded by the defendant on cross-examination to the plaintiff's agent and manager, Haas, calling for his conclusion as to what the suit was based on, or as to whether plaintiff's claim as to title was based solely on a certain bill of sale. Under the evidence in this case, these questions called for the determination by the witness of the principal legal question involved in the trial of the case. The answer to these questions involved the construction by the witness of the legal effect of the two transactions that had been testified to by him, and that was a contested issue in the case. In other words, the facts forming the basis for an opinion on this contested issue had been testified to by the witness, and he was not competent and could not be required to give his opinion of the legal effect of the facts testified to. That was a matter entirely for the court, sitting in the trial of the case without a jury.

[Hodges v. Kyle.]

The rulings of the court on the evidence complained of show no reversible error.

Affirmed.