176 So. 460

## SOUTHERN HOME INS. CO. OF THE CAROLINAS v. BOATWRIGHT.

### 7 Div. 415.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

Coleman, Spain, Stewart & Davies, of
Birmingham, for appellant.

James A. Embry, of Ashville, Frank B. Embry, of Pell City, and Victor H. Smith, of Birmingham, for appellee.

KNIGHT, Justice.

This is the second appeal in the case. Southern Home Ins. Co. of the Carolinas v. Boatwright, 231 Ala. 198, 164 So. 102.

There will be found in the opinion rendered on former appeal a statement of many of the salient facts developed on the first trial. The same facts, with some little variations and additions, were developed on the last trial, and appear in this record.

On former appeal we held plaintiff's replications 2 and 3 were each defective, and subject to defendant's demurrers. On return of the case to the circuit court, the plaintiff filed additional replications 4, 5, and 6 to defendant's pleas in abatement, and abandoned his original replications 2 and 3, which we had held to be defective.

■ The trial court overruled defendant's demurrers to plaintiff's said replications 4, 5, and 6. In this ruling of the court there was no error. In preparing these replications, the pleader seems to have followed the rule declared on former appeal, as well as in London & Lancashire Ins. Co. v. McWilliams, 218 Ala. 503, 119 So. 15.

■ The evidence in our opinion was sufficient to carry the case on defendant's pleas in abatement, and the plaintiff's replication thereto, to the jury, and therefore the defendant was not entitled to the general affirmative charge in its behalf on the issue presented by the pleas in abatement. However, we may say that the evidence offered by the plaintiff on these issues was slight and far from preponderating.

■ Pleas 5, 8, and 9 were each subject to plaintiff's demurrer, and the court committed no error in sustaining the same. While plea 5 contained recitals of evidentiary matters which might tend to show that the hazard was increased by reason of the occurrences detailed, yet it cannot be affirmed, as a matter of law, that the hazard was increased thereby. Every thing contained in said plea might be true, and yet the hazard might not, in fact, have been increased thereby. And, besides, the defendant had full benefit of all matters of defense attempted to be set up in these pleas in plea 4.

Pleas 8 and 9 are predicated upon that provision of the policy which provides: "* * * this entire policy shall be void * * * if any change, other than by the death of the insured, take place in the interest, title or possession of this subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or voluntary act of the insured, or otherwise." ' The facts averred do not show that there had been any change whatsoever in the interest, title, or possession of the property. To discern just how the facts averred showed that there had been any change in the interest, title, or possession, we confess would require a legal microscope not yet invented, or in use.

■ It appears from the record that the court overruled defendant's demurrer to plaintiff's third replication to defendant's plea 6. From an examination of the whole record, we are impressed that this action was inadvertent, and not intended by the court, for the record shows that the court tried the case as if there had been no replication filed to this plea. Manifestly, the replication was insufficient to meet the entire issue presented by plea 6, and for that reason, if for no other, the replication was insufficient.

A replication to be good should either traverse or confess and avoid the matters set up in the plea. It may deny in part, and confess and avoid in part, but in every event it must answer every material allegation of the plea to constitute good pleading. H. A. & B. Ry. v. South, 112 Ala. 642, 643, 20 So. 1003; Whitehurst v. Boyd, 8 Ala. 375; Owensboro Wagon Co. v. Hall (Hall v. Owensboro Wagon Co.), 149 Ala. 210, 43 So. 71. At best, this replication only purported to answer that part of plea 6 which related to the personal goods of the plaintiff. The overruling of the defendant's said demurrer involved no injury to the defendant.

■ Charge 10 refused to the defendant was defective, in that it would authorize a finding and judgment for defendant, if the property was willfully burned, whether by the assured, or by his agency or procurement, or by some third person without the procurement of the assured, and without his knowledge or consent, expressed or implied. The applicable principle of law was fully given the jury in defendant's special charg-

es 7, 9, and 11, and in the court's oral charge.

██ The question propounded to Mrs. Ila Boatwright by the defendant, viz: "Now, what was said to you?" called for evidence patently hearsay. And for the same reason the court committed no error in refusing to allow the witness Du Boise to testify to his remarks at the time he passed along the street in front of plaintiff's house just before the fire was discovered.

We have carefully examined each and every objection made and exception reserved by the defendant, on admission and exclusion of evidence, and as to charges refused to defendant, and also as to parts of the court's oral charge, and find no error.

██ This brings us to consideration of the ruling of the court on defendant's motion for a new trial.

We have with great care read all the evidence in this cause, bearing both on the issues presented on defendant's pleas in abatement and the replications thereto, and also on the issues presented on the main trial. It appears that the cause was tried on the issues presented on the pleas in abatement, and on the pleas in bar, and replication thereto, at the same time, and before the same jury, with result that all issues were found in favor of the plaintiff.

We have reached the conclusion in this case, that the verdict, at least on the main trial, is so contrary to the weight of the evidence as to stamp it as being wrong and unjust, and we cannot permit it to stand. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738. Our conclusion is that the evidence leaves but slight room to doubt that defendant's house and personal effects were willfully burned, and that he was the guilty agent in procuring the destruction of his property. This conclusion, under the evidence, is inescapable.

It follows, therefore, that, for the error of the court in denying defendant a new trial, the judgment of the circuit court must be reversed and the cause remanded. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.