189 So. 897

## CAPITAL MOTOR LINES et al. v. LORING et al.
### 3 Div. 296.

Supreme Court of Alabama.
June 8, 1939.

Rehearing Denied June 29, 1939.

See, also, Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881.

John S. Tilley, of Montgomery, for appellants.

262

D. G. Ewing, of Birmingham, and T. E. Martin and John B. Scott, both of Montgomery, for appellees.

BROWN, Justice.

This is an action of trespass on the case by the personal representatives of Joseph B. Loring, deceased, under § 5696, Code 1923—the homicide act—originally instituted against The Standard Oil Company of Kentucky, Capital Motor Lines and J. D. Churchwell. The complaint was filed March 18, 1937, and by amendment filed April 22, 1938, the American Fidelity & Casualty Company was made a party defendant, and the complaint otherwise amended in respects not here material.

The trial resulted in the acquittal of the Standard Oil Company and a verdict for

the plaintiff against the other defendants, who have appealed.

The trial was on counts one and two of the complaint, the plea of the general issue, not guilty, the statute of limitation, and the statute of limitation of two years, pleaded in short by consent.

■ It would seem that both of said counts are subject to the defect of assuming that the act of stopping the bus on the highway, in the circumstances pleaded, constituted negligence as a matter of law, and hence the *dependent* averment, in the concluding paragraph of said counts, to wit: "All as the proximate consequence of the negligence of the respective defendants *as aforesaid*," was wholly insufficient to charge the defendants with actionable negligence. [Italics supplied.] See Birmingham Railway, Light & Power Co. v. Parker, 156 Ala. 251, 47 So. 138; Birmingham Railway, Light & Power Co. v. Weathers, 164 Ala. 23, 28, 51 So. 303; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

■ The phrase "park or *leave standing any vehicle,* whether attended or unattended" found in § 70 of the Highway Code is, when considered in connection with Subdivision (c) of said Section, Gen.Acts 1927, p. 375, somewhat equivocal. Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881, 882, but the pleader in Gillette's case overcame this objection by alleging that the defendants *"negligently and unlawfully* parked or *left standing the said bus."* The pleading, on demurrer, is of course to be construed most strongly against the pleader, and all intendments resolved against him. The question is not insisted upon here, however, and we pass it with the foregoing observation. [Italics supplied.]

■ The appellant, American Fidelity & Casualty Company, who obtained an order of severance in assignments of error, on submission, insists that there is a misjoinder of causes of action in each of said counts, in that the action against the other defendants is ex delicto, and as to it is ex contractu. This insistence is without merit. The Fidelity & Casualty Company, so far as plaintiff is concerned, is a volunteer who stands, so to speak, in the shoes of its insured the Capital Motor Lines, and when it entered into the obligation to indemnify and hold its co-defendant harmless, in the light of the public policy evinced by the statute authorizing and re-

quiring such indemnity or a bond with surety, and its interpretation, it consented to be sued for any liability imposed on the indemnitee by law, no matter what form of action the injured party elected to pursue or the character of damages recoverable, and it is limited to such defenses as its indemnitee may make in such action. Hodges v. Wells, 226 Ala. 558, 147 So. 672; McWhorter Transfer Co. et al. v. Peek, 232 Ala. 143, 167 So. 291; Fidelity & Casualty Co. of New York v. Jacks, 231 Ala. 394, 165 So. 242.

■■ This view of the law forecloses the contentions that the action as against the appellant Fidelity & Casualty Company is barred by the statute of limitation, and that it is not subject to pay punitive damages assessed under the homicide act. The damages are not imposed to punish the indemnitor, and its liability to pay such damages arises out of its voluntary obligation to pay the judgment rendered against said indemnitee.

While there is evidence having slight tendency to show that the truck of the Standard Oil Company came on the scene after the bus stopped, the weight of the evidence goes to show that the truck had reached the spot ahead of the bus and was parked when the bus arrived. Otherwise, than as above stated, the evidence appears to be in substance the same as presented on the appeal in Capital Motor Lines v. Gillette, supra.

■ The question, whether or not the bus company and its driver were guilty of negligence, was under the evidence a jury question, and we are not able to affirm that the verdict was contrary to the great weight of the evidence or was excessive. Montgomery Light & Water Co. v. Thombs, 204 Ala. 678, 87 So. 205.

The affirmative charge for the defendants, appellants here, was refused and new trial denied without error.

■ The witness, Harrison, before defendant's counsel asked the question, the predicate for assignment of error 16, had testified that he was sitting on the front seat right back of the driver and could see out ahead "of him on the road," and "witness saw down in there ahead of the bus a congestion of traffic, people stopping, looking at a wreck that had happened. * * * As soon as witness came over the hill in the bus he could see *there were several cars blocking the road."* [Italics sup-

plied.] The question called for a mere repetition of this testimony and the objection thereto was properly sustained.

The question put to defendant's witness Crashul on cross-examination: "Well, in 1935, how did they go out?" referring to the route taken by the defendant's buses in 1935, called for testimony that was manifestly immaterial, but before the court ruled on the objections the witness in response to another question, answered, and the bill of exceptions recites: "The said defendants renewed their objection, the court answered [remarked] 'He has answered it.' And to the Court's refusal to sustain this objection, on which the court had failed to rule, the defendants" excepted.

The exception is without merit. The remark of the court, it appears to us, was an intimation that the situation called for a motion to exclude, that sustaining of the objection would not purge the record of this immaterial testimony.

The hypothetical question put to said witness "if there is any reason, mechanical, physical or otherwise, that you can think, why a bus twenty-seven feet long and eight feet wide cannot proceed on a highway eighteen to twenty feet in width, if the nearest car to that bus, parked on the highway, is three to four car lengths ahead of the bus, parked partly on and partly off of the highway, and if the nearest car on the other side of the highway is a hundred to two hundred feet from the rear of a truck parked on the other side of the highway, partly on and partly off the concrete?", and others immediately following were subject to the objection that they called for conclusions which were within the province of the jury [Pace v. Louisville & Nashville Railroad Company, 166 Ala. 519, 52 So. 52; Crotwell et al. v. Cowan et al., 236 Ala. 578, 184 So. 195], but were not subject to the objection that they assumed facts of which there was no evidence before the jury, and the objection that they were predicated on facts in respect to which the evidence was in conflict was not well taken. Birmingham Ry., Light & Power Co. v. Moore, Ella, 148 Ala. 115, 42 So. 1024; Armour & Co. et al. v. Cartledge, 234 Ala. 644, 649, 176 So. 334; Birmingham Railway, Light & Power Co. v. O'Brien, 185 Ala. 617, 64 So. 343; 9 Ala. Dig., Evidence, p. 484, § 553(2).

The contention that the question set out above assumes that the bus "parked" shows that the defendants erroneously interpret the language used. The word "parked" refers to the car "nearest to the bus" and not the "bus."

Conceding that it was permissible for the witness Sampley, who was present and observed the situation and condition of the cars on the highway, to state as a collective fact that the bus had to stop "being blocked by the cars on the road," and the court erred in excluding his testimony, this ruling was at most error without injury. The witness on further examination stated in detail the situation of the several cars and trucks and concluded by stating that those cars were too close together for the bus "to get through."

The question put to the witness Stephenson on cross-examination referring to the driver of the seed truck, which ran into the Standard Oil Truck and smashed into the rear end of the bus, "Did he get his truck under control so as to avoid striking the car?" called for a conclusion of the witness and this objection was properly sustained.

Conceding that the court erred in giving special written charge 4 requested by appellants' co-defendant, Standard Oil Company, to the effect that the burden of proof was on the plaintiff to reasonably satisfy the jury that plaintiff's intestate was injured as "the direct and proximate result of an act of the Standard Oil Company of Kentucky," and unless the jury were so satisfied they could not find for plaintiff against said co-defendant, it is an error of which these appellants cannot complain. Atlantic Coast Line R. Co. v. Carroll, 208 Ala. 361, 94 So. 820; City of Birmingham v. Corr, 229 Ala. 321, 157 So. 56.

Special written charge 21 requested by and refused to the appellants is covered subsequently by special written charge 23 given at their insistence.

As applicable to facts in evidence, charge 26 ignores the duty imposed by § 70 of the Highway Code to keep an open zone of 15 feet for the approach of other cars. Capital Motor Lines v. Gillette, supra.

The principles of law embodied in special refused charges 29, 31 and 33 were in substance given to the jury in special charge 24, given for appellants.

Charge 18 is argumentative in form and the court will not be put in error for refusing it.

This disposes of all questions presented and insisted upon. We find no reversible errors on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.