2 So.2d 917

### LONDON ASSUR. v. HENDON.

6 Div. 655.

Court of Appeals of Alabama.

April 22, 1941.

Rehearing Denied May 13, 1941.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

G. P. Benton, of Fairfield, for appellee.

SIMPSON, Judge.

Action on a policy of fire insurance—issued by appellant—for recovery of loss to household furniture destroyed by fire. The dwelling house where the furniture was situate was owned by appellee (assured) and her husband, the furniture belonging to appellee alone. The suit policy was issued March 21, 1939, the premium having been paid thereon a few days prior to the fire which partially destroyed the building, on April 5, 1939.

Trial below was before the Honorable J. Fritz Thompson, without intervention of a jury, resulting in judgment for appellee, from which the present appeal proceeded.

There are three principal insistences of error relied upon for a reversal: First, that the plea in abatement should have been ruled sustained because of appellee's failure to comply with the provision of the policy requiring due and formal filing with appellant of a proof of loss within sixty days; second, that the great preponderance of the evidence sustained the conclusion that the fire was incendiary and that appellee was the guilty agent who procured it; third, that, by the great weight of the evidence, it was proven that the hazard insured against was increased by means within the knowledge and control of appellee, contrary to the terms of the policy.

We have read and carefully studied the entire case, in connection with the excellently prepared brief and argument of able counsel for appellant, but cannot and do not accord with the propositions urged.

While according due deference to the views expressed by appellant's counsel, we think they have overlooked the controlling consequences of the very salutary rule of law that in cases, as this, where the evidence is ore tenus, or partly so, the trial court having had the advantage of hearing and observing the witnesses testify, great presumption is indulged in favor of the correctness of its conclusions. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Johnstone v. O'Rear, 220 Ala. 219, 124 So. 743; Vandergrift v. Florida, 25 Ala.App. 241, 144 So. 120. The evidence adduced was not so preponderantly favorable to the defenses interposed as to persuade us that the conclusions of the trial court thereon were plainly and palpably wrong. We will discuss briefly the several insistences of error.

First, as regards the failure of the appellee to make presentation to appellant of formal proof of loss as required by the policy, it is plain to us that there was ample evidence to sustain the trial judge in the view that the conduct of appellant's agents, acting within their ostensible authority, had operated to estop the company from claiming the benefit of this condition.

The principle is firmly established that an adjuster with power to investigate and adjust the loss, after entering upon such business and treating the policy as valid and in force, has authority to waive conditions—as of filing proofs of loss—in the policy. Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; United States Fire Ins. Co. v. Smith, 231 Ala. 169, 179, 164 So. 70, 103 A.L.R. 1468; Maryland Cas. Co. v. Terry, 24 Ala.App. 172, 174, 133 So. 303; Couch on Insurance, Vol. 2, Sec. 548c, p. 1738 et seq.

The law is as equally well recognized that an agent who is authorized to transact the business of writing policies of fire insurance is a general agent so as to bind the insurer by his waiver of conditions obtaining in the policy for the insurer's benefit. American Ins. Co. v. Millican, 26 Ala.App. 31, 153 So. 448, certiorari denied 228 Ala. 357, 153 So. 454; Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46. And here, Stacey, the company agent, sold and delivered the policy to appellee, affixed his counter-signature thereto, as agent, and collected the premium therefor. Likewise, it was he who, the day following the fire, made an inspection of the burned property (according to appellee's

evidence), and later upon whom service of process was effected for the present suit. We are inclined to the view that he, as well as the adjuster, Baarcke, was a general agent, insofar as to bind the appellant by a waiver of the requirement of submitting formal proof of loss.

■ Clearly to our minds the conduct of Stacey and Baarcke, either or both, operated to bind the appellant by waiver of the necessity to file with the insurer formal proofs of loss, as stipulated in the policy. For, according to the evidence of appellee—testimony of her husband and self—Stacey admonished her not to suffer any uneasiness about the matter, as the company would pay the loss "as soon as these fire marshals made their report"; "that the checks were already made out." Then Baarcke, admittedly duly authorized to adjust the loss for appellant, after inspection and detailed examination of the property instructed appellee to furnish him with an itemized list of the damaged articles and to come to his office in Birmingham, where he would then "adjust the loss". Appellee complied and, according to her testimony, furnished him a list with the values, etc., of each article, copy of which was made by his secretary; then he (Baarcke) told her she had a "total loss" and, as soon as the reports were received from the fire marshal, he would "get in touch with her right away" and "settle with" her.

If the foregoing testimony were true—and the trial court was better advantaged to determine this than we—the conclusion, that the condition in the policy as to filing the proofs of loss had been waived, was undoubtedly justified. Certainly the conduct of these two agents of the insurer was sufficient to disarm the assured of the belief in the necessity of filing a formal proof of loss. We think it was within the province of the trial court to so view it.

But it is urged that the overwhelming weight of the evidence establishes that the property was wilfully burned through the "design, procurement or acquiescence of assured", thereby necessitating a reversal of the judgment, the same being plainly and palpably wrong and manifestly unjust. Concededly, there is substantial basis for the belief that the fire was incendiary, but to say that there was such overwhelming proof that appellee was the guilty agent as to dictate a reversal of the judgment of the trial court upon the issue is, we think, unwarrantable. The salient facts upon which appellant bases its contention are:

Several places in the house—according to the testimony of the fireman—burned as if aided or fired by some inflammable substance (such as some kindling piled in the attic, which had unburned paper under it and appeared to be oily, some of the paper being bread wrappers, similar to that used on bread sold at appellee's store); an overturned lard can in the attic, smelling of kerosene; a hole burned in the center of the kitchen floor; accessibility to the attic only by a closet scuttle hole in a room adjoining the sleeping porch, where appellee was sleeping with her three children (a boy 18, and two younger daughters); in the closet some oily rags and a stool upon a chair under the scuttle hole; the odor of kerosene upon the paper, the kindling, a davenport cushion removed from the living room; among the papers in the attic a letter to her husband from the Home Owners' Loan Corporation requesting the payment of delinquent taxes due on the real estate for the preceding year. From these and other suspicious circumstances, appellant insists that we conclude, first, that the house was fired and, second, that appellee was the guilty agent who procured it. In order to reach the second conclusion we must perforce presume such without proof, merely because the house was locked, the mother was the only adult person in the house and she owned the furniture.

To counter this contention, the evidence for appellee tends to show that she had lived there for years—no evidence of any previous fires—that she was a woman of good reputation, that the fire occurred in the early morning when people in the neighborhood were getting up to go to work; she and her children were awakened with the room engulfed in smoke, that they rushed out into the cold in their then undressed condition, bare footed, the son borrowed a pair of trousers and went to phone the fire department; the mother, having only rescued a dishpan with some few dishes in it when she first came out, rushed back into the house for some clothing for them to "put on"; whereupon, the fire almost overcame her, and her brother-in-law "dragged" her out; she was—according to her testimony, corroborated by others—burned or "scorched" and remained confined to her bed from the effects of the burns for several days. There was no evidence that she was in any financial stress

or distress at the time and her itemized list of articles estimated her loss at greatly more than the face amount of the policy.

The husband was not at home that night, claiming to have been at his job with the mine.

Appellee admits she detected some odor of kerosene, disclaims all knowledge of the presence of any kerosene in the house, except she had used some in spraying the house for ants. She testified that she does not believe there was any kindling in the attic, and, if there was, then she does not know how it got there, that she knew nothing of it.

The facts speak for themselves. There are many inferences and circumstances which would disabuse the impartial mind of any guilt on the part of appellee. We are strongly impressed that to reverse the conclusion of the trial court upon the question would do violence to established rules of appellate procedure. The findings of a trial court are presumptively correct. They import verity. The burden is upon appellant to show error. The judgment of that court is a solemn thing. We should not capriciously disturb it. Girardino v. Birmingham So. R. Co., 179 Ala. 420, 423, 60 So. 871. We will not disturb it here.

As to the third contention, that the evidence sustains the fact of condition breached because the hazard insured against was increased by means within the knowledge and control of the insured (appellee), what we have said above will suffice for our contrary conclusion. We disagree with the concluding statement on this question in appellant's brief and argument "that inasmuch as plaintiff was the sole adult occupant of the building and inasmuch as under her own evidence no one else entered the house that night, that the fire must, therefore, have been started either by herself or her children and that the hazard was thereby increased by means within her control or knowledge." This overlooks the proven facts and circumstances from which—even if it could be conceded that the house was, in fact, fired by someone—innocence on the part of appellee may reasonably have been inferred by the trial court.

The late, lamented and esteemed trial judge who heard and determined this case was one of the ablest at nisi prius in our State. We cannot upon our oaths say that the evidence is so preponderantly against his conclusion as to render the judgment manifestly wrong and unjust. We are content to let his judgment upon the issues stand. Affirmance ordered.

Affirmed.