33 So.2d 498

### BIRMINGHAM ELECTRIC CO. v. ROBINSON.

### 6 Div. 439.

Court of Appeals of Alabama.

Jan. 20, 1948.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Frank L. Parsons, of Birmingham, for appellee.

CARR, Judge.

The plaintiff states her cause of action in one count of a complaint. She claims damages for personal injuries arising out of a collision of the automobile in which

she was riding and a bus operated by a servant of the defendant. This appeal follows a judgment below in favor of the plaintiff.

Assignment of error No. 1 is based on the following exception which we take from the record: "And also to that part of the oral charge, about the first part of the charge where the Court said that if the Plaintiff had proven her case that she would be entitled to recover, —in that it does not—it pretermits the defense of contributory negligence."

Appellant has set out in the assignment of error the portion of the court's oral charge to which criticism is directed. It is: "If the Plaintiff has proved to your reasonable satisfaction that the driver of the Defendant's bus was negligent in the manner in which he drove the bus on this occasion, and that that negligence was the proximate cause of the Plaintiff's injury, she would be entitled to recover."

The segment of the charge he has copied appears much nearer the end of the oral instruction than the beginning. We would have encountered some difficulty in locating it if we had been left to the task with only the aid of the exception.

 We are clear to the conclusion that this question is not sufficiently presented for our review. It is out of harmony with the rule which provides that a reservation to a portion of the court's oral charge must be specific and designating. Here it is only descriptive and referable. J. R. Watkins Co. v. Goggans et al., 242 Ala. 222, 5 So.2d 472; Sullivan v. Miller, 224 Ala. 395, 140 So. 606; Corder v. State, 32 Ala.App. 584, 28 So.2d 651; Coca-Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 88 So. 36; Maloney et al. v. Smith, 16 Ala. App. 595, 80 So. 169.

This criticism aside, we entertain the view that when the oral charge is taken as a whole, together with the given written instructions, we would not be authorized to charge error on the basis of this insistence. Our approach to the question must be made in consonance with this rule. Mosley v. State, 241 Ala. 132, 1 So.2d

593; Shaw & Shaw v. Cleveland, 5 Ala. App. 333, 59 So. 534.

Assignment of error No. 2 presents the question of the propriety of the refusal of the following written charge: "12. The Court charges you that if you believe the evidence in this case you can award the plaintiff no damages for the purpose of compensating her for having been permanently impaired."

The appellee made claim in her complaint for damages for permanent injury. She gave evidence which, if accepted, lent support to this contention. For example, she pointed out to the jury some scars on her head which she said remained after the injury wounds had healed. There was other evidence which was competent to sustain this allegation. Alabama Great Southern R. Co. v. Taylor, 196 Ala. 37, 71 So. 676; Sloss-Sheffield Steel & Iron Co. v. Bearden, 202 Ala. 220, 80 So. 42; Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403.

We have treated all insisted errors which were assigned.

The judgment of the court below is ordered affirmed.

Affirmed.