40 So.2d 719

**ROYAL INS. CO., Limited, v. STORY.**

**7 Div. 960.**

Court of Appeals of Alabama.

March 8, 1949.

Rehearing Denied March 29, 1949.

F. W. Davies and Davies & Williams, all of Birmingham, for appellant.

Walter J. Merrill and Knox, Jones, Woolf & Merrill, all of Anniston, for appellee.

CARR, Judge.

The complaint in this cause consists of one count which is predicated on a policy of insurance covering loss by fire of an automobile.

The defendant first interposed a plea in abatement which alleges in effect that the insured did not file a sworn statement of the loss as required by the provisions of the policy.

In reply to this plea the insured filed a number of replications. Some of the replications approach the reply on the theory of waiver and others estoppel. In effect, it is here contended that the waiver or estoppel arose by virtue of the conduct of agents of the insurer, in that they gave assurance to the insured that the loss would be reported to the company and the claim in due course would be paid.

Demurrers were overruled to each of these replications.

The defendant then pleaded the general issue and in short by consent.

The defenses thus presented as indicated by the evidence were: General issue; willful burning of the property by the insured; that at the time of the loss the automobile was under bailment lease to another; that the insured at the time of the loss was not the sole owner of the car; that the insured was guilty of fraud and false swearing on the trial of the cause.

The trial of the issues thus formulated resulted in a verdict in favor of the plaintiff on the plea in abatement and also a verdict in his favor for damages for the loss of the property.

The action of the court in overruling the demurrers to the replications is presented for review.

█ It is insisted that the replications do not allege that the agents had any notice or knowledge that the insured had not filed any proof of loss as required by the terms of the policy.

Each replication contains the averment that the report was made to the agent on the same day the loss occurred. It is thus made to appear that the time for filing the proof of loss had not expired, and under such circumstances it was immaterial whether the agent had knowledge of a failure in this respect. Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211.

█ It is urged also that the alleged acts of waiver or estoppel are shown to have occurred on Sunday. The demurrers do not raise this question. Title 7, Sec. 236, Code 1940; Southern Indemnity Association v. Hoffman, 16 Ala.App. 274, 77 So. 424.

██ Replications I and J contain an added averment as follows: ·

"That on, to-wit, January 21, 1947 plaintiff's attorneys, acting for and on behalf of the plaintiff, wrote a letter to the defendant, a copy of which is attached hereto, marked Exhibit 'A', and is made a part hereof as fully as if set out herein; that the original of said letter was deposited in the mail with postage prepaid addressed to the defendant at the address shown on the policy sued on; that a carbon copy of the letter was likewise deposited in the mail with postage prepaid addressed to the

agent of the defendant who issued the policy sued on; that neither the plaintiff nor his attorneys received any answer to, or acknowledgment of, said letter; that on, to wit: February 7, 1947 plaintiff's attorneys, acting for and on behalf of the plaintiff, wrote another letter to the defendant, a copy of which letter is hereto attached, marked Exhibit 'B', and is made a part hereof as fully as if set out herein; that said letter was deposited in the mail, with postage prepaid, addressed to the defendant at the address shown on the policy sued on in this cause; that neither the plaintiff nor his attorneys received any answer to, or acknowledgment of, said letter; that thereafter on, to-wit, February 18, 1947, the plaintiff filed his suit in this cause."

It is unquestionably true that a waiver or estoppel cannot be inferred from mere silence. We do not construe these replications to mean that this attempted. This inclusion did not make the replications defective.

The replications seem to be a substantial adoption of many that have been sustained by our appellate courts. Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211; American Ins. Co. v. Millican, 26 Ala.App. 31, 153 So. 448, certiorari denied 228 Ala. 357, 153 So. 454; United States Fire Ins. Co. v. Smith, 231 Ala. 169, 164 So. 70, 103 A.L.R. 1468.

█ It may have been in conformity with better pleading to have stated the nature and character of the agents' duties. However, the proof without conflict supplied this omission, and clearly the appellant was not in any manner injured by a failure in this respect. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix. Smith et al. v. Tripp, 246 Ala. 421, 20 So.2d 870; State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672; Life & Casualty Ins. Co. of Tenn. v. Peacock, 220 Ala. 104, 124 So. 229; Day & Sachs v. Travelers' Ins. Co., 223 Ala. 558, 137 So. 409.

█ There is no merit in the position that the affirmative charge was due the appellant on the plea in abatement. The evidence brings the cause under the con-

trolling influence of many decisions that have been announced throughout the history of judicial proceedings in this and other states. Some of these are: American Ins. Co. v. Millican, supra; Home Ins. Co. v. Jones, supra; United States Fire Ins. Co. v. Smith, supra; Southern Home Ins. Co. of the Carolinas v. Boatwright, 234 Ala. 668, 176 So. 460; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; American Ins. Co. v. Porter, 25 Ala. App. 250, 144 So. 129; London Assur. v. Hendon, 30 Ala.App. 175, 2 So.2d 917; Ray v Fidelity-Phenix Fire Ins. Co., 187 Ala. 91, 65 So. 536.

We see no occasion to decide whether or not transactions relating to a waiver or estoppel made on Sunday are void and of no effect. In the instant case it is doubtful if this question is properly presented for review. In any event, there are proven facts which tend to establish waiver and estoppel which occurred on week days as well as Sunday.

It is urged that the court fell into error by allowing proof of the contents of a written instrument. The objections pose the point that the "paper is the best evidence." If there was error here, it was made harmless by the introduction of the instrument at a subsequent time in the proceedings. Page v. Haas Bros. Packing Co., 9 Ala.App. 445, 63 So. 691.

The objection to a question comes too late if it is delayed until after the answer is given. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633. This rule must be applied to the matter upon which assignment of error number 39 is predicated.

It appears that after the car burned the chief of police observed the appellee and another person at a filling station in Heflin, Alabama. In this connection appellant's counsel asked the officer: "When you got there what did you do?" The court sustained objections to the question and indicated that he considered it too general. It is clearly evident that the circumstances of this incident were related in detail by the witness and this included all that the officer did. Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala.App. 335, 62 So.

245; Capital Motor Lines et al. v. Loring, 238 Ala. 260, 189 So. 897.

We encounter difficulty in treating some of the assignments of error, because of inaccuracies in appellant's brief. In several instances arguments are directed to an assignment when apparently another was intended.

Assignment of error 33, which is argued in brief under heading "Assignment of Error 32," is predicated on the action of the trial judge in sustaining appellee's objections to a question which was subsequently answered without objections. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757.

Assignment of error 26, which is argued in brief under heading "Assignment of Error 25", relates to the action of the court in refusing to admit in evidence the printed part of an exhibit. At a later time in the proceeding appellee's counsel withdrew the objections, and the written instrument in its entirety was allowed in evidence.

Assignments of error 17, 18, 19, and 20 are predicated on the action of the court in refusing to appellant the following written instructions: A1, X, Z, and Y.

It is insisted that these charges bring into effective application this provision of the policy:

"This Policy shall be void if the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It will be noted that the charges seek to make the provision of the policy relating to fraud and false swearing apply to false statements by the insured in his testimony at the trial of the cause.

It appears to be reasonable and logical to conclude that this provision is intended to relate to misrepresentations of material facts made by the insured in connection with the issuance of the policy and the

settlement and adjustment of claims incident thereto. We see no reason why it would not be a material inquiry for the jury to consider the testimony of the insured at the trial, in an effort to determine whether or not there had been false swearing in the matter of primary concern. This is not the situation which the charges present. In effect they seek to make perjury on the part of the insured in giving testimony at the main trial a ground of forfeiture under the provisions of the policy.

The principle to which we adhere is stated in: Vol. 5, Joyce on Insurance, Sec. 3344, p. 5554:

"Though the policy contains a clause providing for forfeiture in case of fraud or false swearing, yet any false swearing after an action has been brought on the policy will not defeat the rights of the plaintiff to recover, or affect any verdict which may have been rendered."

To the same effect is a statement contained in Vol. 7, Couch's Cyclopedia of Insurance Law, Sec. 1557, p. 5516.

In Republic Fire Insurance Company v. Weides, 81 U.S. 375, 14 Wall. 375, 20 L.Ed. 894, the Supreme Court of the United States held:

"Nor was there error in denying the defendants' third and fourth prayers. It is true the policies stipulated that fraud or false swearing on the part of the assured should work a forfeiture of all claim under them. The false swearing referred to is such as may be in the submission of preliminary proofs of loss, or in the examination to which the assured agreed to submit. But it does not inevitably follow from the fact that there was a material discrepancy between statements made by the plaintiffs under oath in their proofs of loss, and their statements when testifying at the trial that the former were false, so as to justify the court in assuming it, and directing verdicts for the defendants. It may have been the testimony last given that was not true, or the statements made in the proofs of loss may have been honestly made, though subsequently discovered to be mistaken. It is only fraudulent false swearing in furnishing the preliminary proofs,

or in the examinations which the insurers have a right to require, that avoids the policies, and it was for the jury to determine whether that swearing was false and fraudulent."

See also, American Alliance Ins. Co. v. Pyle, 62 Ga.App. 156, 8 S.E.2d 154; Deitz v. Providence Washington Ins. Co., 33 W. Va. 526, 11 S.E. 50, 25 Am.St.Rep. 908.

We do not find where our appellate courts have reviewed this specific question. There seem to be some authorities which adhere to a view contrary to that we have expressed. However, when these cases are carefully read and studied in the light of the factual issues involved, it cannot be said with certainty that a conflict appears. In any event, we think that our conclusions are sound, and we find ample authority to support our views.

The statements of appellee's counsel in his argument to the jury to which objections were interposed were supported by the evidence and properly allowed.

At the conclusion of the court's oral charge, appellant's counsel made an objection as follows: "I except to that part of the charge in which the Court gave instructions in the event witness had made other statements than on the stand—that in substance and so forth and so forth."

Clearly this is an objection to a portion of the court's oral charge by reference only and is not sufficiently specific to invoke our review. J. R. Watkins Co. v. Goggans et al., 242 Ala. 222, 5 So.2d 472; Birmingham Electric Co. v. Robinson, 33 Ala.App. 357, 33 So.2d 498.

The evidence is in irreconcilable conflict, and clearly the affirmative charge was not due the appellant on the factual issues relating to the pleas in bar. In fact, it is doubtful that appellant's counsel has argued this point sufficiently to meet the requirements of the rule. Barbour Plumbing, Heating & Electric Co. v. Ewing, 16 Ala.App. 280, 77 So. 430; Supreme Court Rule 10.

Assignment of error 23, which is argued in brief under heading "Assignment of Error 21", is predicated on the action of

the trial court in overruling the motion for a new trial. Insistence is made here that the verdict is contrary to the evidence.

We will not laden this opinion with a lengthy discussion of this matter. The rules by which we are guided have been often announced by our appellate courts.

In the matter of instant concern the prime factual issues revolve around the contention that the insured willfully burned the property. The evidence in this aspect for the appellant tended to show that the appellee employed another person to burn the car. This person testified at the trial, and if his evidence is to be accepted there can be no question about the truth of this contention. The conflict here arose primarily by the testimony of the insured in which he denied the accusation. In this state of the evidence we would be out of harmony with the accepted rule to declare that the trial judge was in error in denying the motion for a new trial. Brotherhood of Locomotive Firemen & Engineers v. Milner, 193 Ala. 68, 69 So. 10; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.