: 81 So.2d 908

## FIDELITY–PHENIX FIRE INSURANCE COMPANY

v.

### Hulon LAWLER.

8 Div. 371.

Court of Appeals of Alabama.

Aug. 9, 1955.

Marvin Williams, Jr., and Davies & Williams, Birmingham, for appellant.

H. Neil Taylor and Kennedy Williams, Russellville, for appellee.

PRICE, Judge.

This is an action by the insured to recover the value of a dwelling house alleged to have been destroyed by fire on September 23, 1951, and insured against such destruction by a policy of insurance issued by the defendant on the 18th day of September, 1951. Trial below before the court, without the intervention of a jury, resulted in judgment for plaintiff and defendant appeals.

The defendant filed a plea in abatement alleging the insured's failure to comply with the provisions of the policy requiring the furnishing of proof of loss.

In addition to the general replication, plaintiff filed replications 2 and 3, which recite:

"2. For special replication to said plea in abatement plaintiff says that a week or ten days after his house burned an agent of the defendant, an adjuster named Jim Davidson, after investigating the fire and talking to the plaintiff told the plaintiff that he, the plaintiff, would probably not see him, the adjuster, any more but that some-one would be around in a little while and settle up with him, and plaintiff relied on such statement by the adjuster and was misled thereby and did not file his proof of loss because of said statement, whereupon the defendant waived or is now estopped to set up the defense asserted in said plea."

"3. * * * That right after plaintiff's house burned an insurance adjuster named Jim Davidson, engaged in the investigation of the loss, was looking for plaintiff and told one Jessie Yokum that he wanted to find the plaintiff and pay him his loss and said Jessie Yokum told plaintiff what the adjuster had said. Later said adjuster wrote plaintiff to meet him at the Citizens Bank and Savings Company in Russellville and the plaintiff did meet the adjuster as requested. The adjuster and plaintiff went to the place of the fire and the adjuster after investigating the fire and talking to the plaintiff had the plaintiff list all the furni-ture that was in the house at the time it burned and then when the adjuster was ready to leave he told plaintiff that he, the plaintiff, would probably not see him, the adjuster, any more but that someone would be around in a little while and settle up with him, the plaintiff. The plaintiff relied on said statement and was misled thereby and did not file his proof of loss because of said statement. Wherefore the defendant waiv-ed or is now estopped to set up the defense asserted in said plea."

Defendant's demurrer to the replications was overruled and defendant joined issue on said replications.

On the trial of the issues under the plea in abatement defendant offered in evidence as exhibit number 1 to the testimony of James E. Davidson the policy of insurance issued by defendant to the plaintiff. The witness Davidson testified that in September, 1951, he was employed by the General Adjustment Bureau in Florence, Alabama; that he had reported to him a fire loss sustained by Hulon Lawler; that he was in charge of the handling of that claim insofar as the General Adjustment Bureau was concerned and that he was at that time an employee of the Fidelity-Phenix Fire Insurance Company; that he had no author-

ity from the Fidelity-Phenix Fire Insurance Company either to pay or deny the Hulon Lawler loss; that he had no authority to tell plaintiff the company would pay the loss and he did not tell him the company would pay his loss and did not tell him someone else would be sent later to pay his loss.

On cross-examination the witness testified he did investigate the fire, his first visit being some week or ten days after the fire; that he wrote Mr. Lawler to meet him at the Citizens Bank and they went from there to where the house burned; that he looked over all the premises, made an investigation and talked to Mr. Lawler about it; that he did not have Mr. Lawler to make out a list of furniture in the house, since he was not interested in the furniture because there was no insurance on the furniture; that he did not recall telling Mr. Lawler when he left that he would probably not see him any more and did not tell him there would be someone out in a little while to settle up with him. The witness also stated that he asked a man named Pride, an automobile insurance adjuster, who was in the vicinity, to notify plaintiff that "they would get over on the claim as soon as they had time."

Plaintiff testified he had "seen so many of them" he wouldn't be sure that he knows Mr. Davidson; that sometime after his house was burned he met some man at the Citizens Bank in Russellville who told him he was an insurance adjuster representing plaintiff's insurer, and had come to investigate his fire loss; that he met the adjuster about one o'clock and went with him to the scene of the fire and they stayed there 15 or 20 minutes; that this man investigated the site and took a list, signed by plaintiff, of the furniture and household goods which were in the house; that after making an investigation the man told plaintiff that he would probably not see him again, but someone else would be around and they would settle with plaintiff or come to some kind of agreement; the adjuster then left and plaintiff did not see him again.

Plaintiff stated on cross-examination that he had never filed proof of loss.

The trial court's action in overruling demurrer to the replications is made the basis of appellant's first two assignments of error.

It is insisted the replications are defective for failure to allege "that insurer's agent was duly authorized in the premises, or that the alleged acts and declarations were within the scope of the agency."

In Couch on Insurance, Vol. 2, Sec. 548c, page 1738, it is said: "Although an adjuster, in the absence of some evidence of authority to alter the contract of insurance, ordinarily has no authority to waive any of its essential conditions, yet, as a general rule, an adjuster authorized to act in the premises may waive notice and formal proofs of loss, waiver of proofs of loss being regarded as within the apparent scope of an adjuster appointed by the insurer."

There is no merit in defendant's contention noted above. As was said by Judge Carr in Royal Insurance Co. v. Story, 34 Ala.App. 363, 40 So.2d 719, 721: "It may have been in conformity with better pleading to have stated the nature and character of the agents' duties. However, the proof without conflict supplied this omission, and clearly the appellant was not in any manner injured by a failure in this respect. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix. Smith v. Tripp, 246 Ala. 421, 20 So.2d 870; State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672; Life & Casualty Ins. Co. of Tenn. v. Peacock, 220 Ala. 104, 124 So. 229; Day & Sachs v. Travelers' Ins. Co., 223 Ala. 558, 137 So. 409."

It is stated further in Couch on Insurance, Vol. 2, Sec. 548c, at page 1743: "So, proofs of loss are waived where the insurer's adjuster visits the scene of the fire, interviews the insured, and procures an invoice of the goods destroyed and those saved, and takes the same away with him." See also United States Fire Insurance Co. v. Smith, 231 Ala. 169, 164 So. 70, 103 A.L.R. 1468; London Assur. v. Hendon, 30 Ala.App. 175, 2 So.2d 917.

We hold that the trial court did not err in "overruling defendant's plea in abate-

ment, or in rendering judgment in favor of the plaintiff and against defendant on the issues made by the plea in abatement and replications thereto," as insisted upon under defendant's third assignment of error.

■ The law is well settled that in cases, such as this, where the evidence is ore tenus, or partly so, and the trial court has had the advantage of seeing and hearing the witnesses testify, the trial court's conclusions will not be disturbed unless plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Johnstone v. O'Rear, 220 Ala. 219, 124 So. 743; London Assur. v. Hendon, supra. After a careful consideration of the evidence submitted on the plea in abatement, and indulging all reasonable presumptions in favor of the correctness of the trial court's conclusions, we are of the opinion that the evidence was sufficient to sustain the trial court in its ruling in this instance.

■ It is contended that the court erred in overruling defendant's objection to this question propounded to plaintiff on the trial of the issues presented by the plea:

"Q. Did he or not while he was talking to you at the place ask you to give him a list of furniture and household goods which were in the house?"

Defendant objected to the question on the ground "it is not shown this man was an agent of this defendant having authority to adjust the loss, it is not shown what his authority was or even who he was up to the present time." The court overruled the objection and defendant duly excepted.

The witness answered:

"A. He taken a list of it and I signed it."

Defendant's witness, James D. Davidson, had already testified he was employed by defendant as an adjuster and was in charge of handling plaintiff's claim; that he wrote plaintiff and arranged a meeting at the Citizens Bank and they went together to the site of the fire where witness made an investigation.

Prior to the question the plaintiff had already testified he met a man at the Citizens Bank in answer to a letter; that this man told plaintiff he was an insurance adjuster representing plaintiff's insurer and that he had come to investigate plaintiff's loss; that they went together to the site where the adjuster conducted an investigation.

This evidence sufficiently identified Davidson as the agent of defendant and sufficiently disclosed his authority to act as an adjuster for the insurer. The objection was properly overruled.

Following the adverse decision by the court on the plea in abatement defendant filed pleas 1 to 5, both inclusive. Plea 1 was the general issue. Plea 2 was a plea of wilful burning. Plea 3 set up the same policy provisions with reference to filing proof of loss as did the plea in abatement and averred plaintiff's failure to comply with this provision. Plea 5 set up the policy provision to the effect that the insurer would not be liable for loss occurring while the hazard was increased by any means within the control or knowledge of the insured, and averred that the hazard was increased by reason of the fact that plaintiff was not occupying or living in the premises at the time of the fire but had moved a large part of his household furnishings and was living at another location. Demurrers were filed to pleas 3 and 4 and were sustained by the court. The plaintiff joined issue on pleas 1, 2 and 5.

The fifth assignment of error complains of the trial court's action in sustaining demurrer to defendant's plea number 4, which reads as follows:

■ "4. Defendant avers that the loss sued for in this case was proximately caused by the gross negligence of the plaintiff.

"Wherefore, defendant avers that plaintiff ought not to recover."

The following grounds of demurrer were assigned, separately and severally to pleas 3 and 4:

"1. Said pleas do not state a defense to said suit.

"2. Said pleas do not allege matters which constitute a defense to said suit.

"4. Said pleas constitute no defense to said suit."

Clearly, the plea was nothing more than a conclusion of the pleader, wholly failing to aver facts constituting the "gross negligence." Preston v. LaSalle Apts., Inc., 241 Ala. 540, 3 So.2d 411; Townsend v. Adair, 223 Ala. 150, 134 So. 637; Mobile Light & R. Co. v. Forcheimer, 221 Ala. 139, 127 So. 825; Pankey v. City of Mobile, 250 Ala. 566, 35 So.2d 497.

It is argued that although plea 4 might be found to be "uncertain and indefinite" in failing to allege facts which constitute gross negligence, the only grounds of demurrer assigned were general and did not point out this defect, and the demurrer should not have been sustained. Sec. 236, Tit. 7, Code 1940; State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433, and cases cited.

In the annotation on the subject of gross negligence in insurance cases, 10 A.L.R. 728, it is said: "While it is a well established rule that losses occasioned by the mere fault and ordinary negligence of one holding a fire policy are within the protection of the policy, it is held that notwithstanding this rule gross negligence or recklessness on the part of the insured may preclude a recovery." See also 8 Couch on Insurance, Sec. 2153, p. 6951; 5 Appleman on Insurance, Sec. 3114.

■ However, the rule laid down by our courts is that "the word 'gross' when used in connection with negligence, implies nothing more than negligence. See Ex parte Priester, 212 Ala. 271, 102 So. 376; Stringer v. Alabama Mineral R. Co., 99 Ala. 397, 13 So. 75; Alabama G. S. R. Co. v. Hall, 105 Ala. 599, 17 So. 176." Rutledge v. State, 36 Ala.App. 457, 60 So.2d 360, certiorari denied 257 Ala. 594, 60 So.2d 363.

■■ Therefore, if there was error in sustaining a general demurrer to plea 4 it was manifestly error without injury. The plea sets up nothing more than negli- gence of the insured, which, under the settled rule, constitutes no defense to the action on the policy. It is not prejudicial error to sustain a demurrer to a plea if the matters set up in it would have been no defense. Carter v. Odom, Sr., 121 Ala. 162, 25 So. 774.

Assignment of error No. 6 is: "The trial court erred in giving judgment on the main case in favor of the plaintiff and against the defendant in the amount of $400.00."

■ Argument under this assignment is directed to two theories: First, that the plaintiff was not occupying the insured premises at the time of the fire; Second, that the great weight of the evidence clearly shows that the property was wilfully burned by plaintiff or at his procurement.

We find no merit in the first contention. The evidence tends to show that plaintiff and his family had occupied the house until two or three weeks before the fire when they moved a part of their household effects to a house belonging to plaintiff's employer, and were staying there temporarily dividing their time about equally between the two houses; that the afternoon before the fire plaintiff's wife and children stayed at the insured house until late in the day; that this house contained sufficient household furniture and effects to maintain a home. In view of the policy provision: "Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days;" we cannot say that the evidence set out above proved without dispute defendant's plea 5 setting up the increase of hazard provision of the policy, as contended by defendant.

■ Nor can we say that the trial court erred in finding for plaintiff on the ground that the great weight of the evidence showed that plaintiff wilfully burned his house or had it burned. The evidence for the defendant tended to show that plaintiff was in financial straits and had tried to get one

Borden to burn the house a day or two before the fire; plaintiff was in the immediate vicinity of the fire at the time the fire occurred and that he asked witnesses to state that he was at some other place immediately before and at the time of the fire. Plaintiff denied that he burned the house; denied that he ever had a conversation with Borden about burning the house and denied that he had asked anyone to concoct an alibi for him. He testified that he was at Phil Campbell's around sundown and was picked up there by his employer and driven to his employer's house, some 20 miles distant from the fire; that he spent the night there and knew nothing of the fire until the next day. The evidence presented a question for the determination of the trier of fact. Royal Insurance Co. v. Story, 34 Ala. App. 363, 40 So.2d 719; certiorari denied 252 Ala. 275, 40 So.2d 724.

The judgment below is ordered affirmed.

Affirmed.