132 So.2d 579

Charles A. BOOHAKER

v.

Johnny C. McSWAIN et ux.

6 Div. 474.

Supreme Court of Alabama.

Nov. 17, 1960.

Rehearing Denied Sept. 14, 1961.

Ross, Ross & Ross, Bessemer, for appellant.

L. Herbert Etheridge, Bessemer, for appellees.

SIMPSON, Justice.

Complainants, appellees, filed a bill in equity, one aspect of which was to have a mortgage foreclosure sale set aside as void and to decree that by a full tender of the amount due made to respondent, appellant (mortgagee) before foreclosure, the complainants had fully satisfied the mortgage.

■ Complainants were the mortgagors of the real estate on which the respondent had a mortgage in the amount of $700. The mortgage was to secure building supplies to be furnished to the complainants in the construction of a house on a lot owned by complainants. There was a provision in the mortgage that any surplus material above the $700 furnished would be included in the mortgage debt. The mortgage was to be paid in installments of $20 per month. When complainants ascertained that the respondent was claiming that they owed over a thousand dollars for materials furnished, they ceased making their monthly payments to the respondent and tendered to him as the full balance due on the mortgage debt the sum of $313.-92. The respondent declined this tender and proceeded to foreclose the mortgage under the power contained therein. Complainants had already made· monthly payments in the amount of $150, which made the total price of the material they claim had been furnished to be $463.92. On this question of the amount and value of the materials furnished, the evidence was in strict conflict, but there was satisfactory evidence to sustain the claim of the complainants and as adjudged by the trial court.

A better understanding of the case can be had by quoting from the findings in the court's decree:

"The Court finds that the reasonable market value of the materials furnished by Respondent to Complainants under said mortgage and note together with interest, was $455.00; that the Complainants heretofore paid to Respondent the sum of $150.00, and that legal and valid tender was made to Respondent prior to foreclosure of the mortgage of the sum of $313.92, which sum is now on deposit with the Clerk of this Court as tender and is in excess of the balance due under such mortgage, which balance was $305.00. * * * The Court finds that the Complainants having made legal and valid tender of a sum in excess of the balance due under the mortgage prior to the foreclosure of the mortgage and therefore worked an equitable redemption of the property, the Complainants were authorized to retain possession of said property, and they were not required to vacate the property under the ten day notice served upon them after foreclosure and that such foreclosure was wrongful and without authority. The Court finds that the Complainants have complied with all conditions of law entitling them to an equitable redemption of the said property prior to said mortgage foreclosure. The Court finds that the Respondent is entitled to the sum of $305.00 which is on deposit with the Clerk of the Court as tender and that the Clerk is authorized and empowered to pay said sum to the Respondent."

The cause was tried in open court, the testimony being heard ore tenus.

■ As stated, this finding by the trial court was supported by the evidence and of course unless palpably wrong, which is not the case, it will not be disturbed here. Eidson v. State ex rel. Burns, 263 Ala. 281, 82 So.2d 218; Davis v. State ex rel. Pettus, 264 Ala. 233, 86 So.2d 849; Smith v. State ex rel. Sullinger, 265 Ala. 138, 90 So.2d 225; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760; McBee v. McBee, 265 Ala. ·414, 91 So.2d 675; Fidelity-Phenix

Fire Ins. Co. v. Lawler, 38 Ala.App. 245, 81 So.2d 908.

■ In the view which the trial court entertained and which we affirm, there is no merit in appellant's contention that because delivery of the premises was not made to him, after foreclosure, within ten days after notice to surrender, the complainants forfeited their right to redeem. By this aspect of the bill the complainants were not seeking to redeem after foreclosure as prescribed by Code of 1940, Title 7, § 730, but were seeking to have the foreclosure sale set aside and the mortgage declared satisfied as having been fully paid which the court decreed. The essence of the court's finding was that the mortgage still remained unforeclosed since the foreclosure was not legally effectuated; hence, the Code section, supra, was without application. Lee v. Macon Co. Bank, 233 Ala. 522, 172 So. 662.

■ The appellant, having failed to accept the lawful tender of the amount due on the mortgage debt, as found by the trial court, was of course not entitled to the rents for the withholding of possession by the mortgagors, or any interest thereafter accruing. The rights of the parties were fixed as of the time of the tender. Jones v. Kelly, 203 Ala. 170, 82 So. 420; Code of 1940, Title 7, § 733.

As observed, while there was evidence to support the appellant's claim, there was also evidence to sustain the trial court's conclusion. This conclusion was not palpably erroneous, so we would not be authorized to reverse it.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.